**Howard RATLIFF and Gloria Ratliff, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 88–1191.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 12, 1988.

Decided Jan. 6, 1989.

Martin M. Ruken (argued), Stuart D. Kenney, Vedder, Price, Kaufman & Kammholz, Kenneth C. Shepro, Altheimer & Gray, Chicago, Ill., for petitioners-appellants.

Gary R. Allen, Acting Chief, Kenneth L. Greene (argued), Richard Farber, U.S. Dept. of Justice, Tax Div., Appellate Section, Washington, D.C., for respondent-appellee.

Before: MILBURN and NORRIS, Circuit Judges; and SUHRHEINRICH, District Judge [*].

MILBURN, Circuit Judge.

The present case is but one part of the *London option* cases pending in the United States Courts of Appeals around the country after the decision of the Tax Court in *Glass v. Commissioner,* 87 T.C. 1087 (1986). In *Glass,* the Tax Court consolidated over 1,100 petitions contesting the decision of the Commissioner of Internal Revenue that losses sustained in connection with certain straddle transactions on the London Metal Exchange were not deductible because the transactions, among other things, "lacked economic substance and [were] a sham." *Glass,* 87 T.C. at 1177 (relying on *Gregory v. Helvering,* 293 U.S. 465, 55 S.Ct. 266, 79 L.Ed. 596 (1935)). Approximately 140 appeals from this decision of the Tax Court are pending in nine circuits, the First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and Eleventh.

[*] Honorable Richard F. Suhrheinrich, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

Petitioners-appellants in this case, Howard Ratliff and Gloria Ratliff ("taxpayers"), also appeal the decision of the Tax Court in the consolidated proceedings *sub nom. Glass v. Commissioner, supra,* finding a deficiency in their income taxes for the taxable year 1978 in the amount of $705,361.00. The Tax Court entered judgment against taxpayers on September 29, 1987, indicating that it was doing so pursuant to its opinion in *Glass,* filed November 17, 1986. Taxpayers timely appealed. This court has jurisdiction over the appeal pursuant to 26 U.S.C. section 7482(a)–(b) (Supp.1988). We affirm.

### I.

There is one issue presented in this case: whether the Tax Court erred in concluding that the straddle transactions engaged in by the taxpayers were "shams in substance," and, therefore, that the losses incurred are not deductible. Our review over Tax Court decisions is provided for in 26 U.S.C. section 7482(a) which states that appeal from the Tax Court is as from the district court. Thus, "[w]here the judgment below is ultimately a finding of fact, it is well-settled that the determination of the Tax Court is binding on the appellate court unless clearly erroneous." *Ohio Teamsters Educ. and Safety Training Trust Fund v. Commissioner,* 692 F.2d 432, 435 (6th Cir.1982). *See also Sochin v. Commissioner,* 843 F.2d 351, 353 (9th Cir.) ("The tax court's conclusion that the transactions were shams is a finding of fact that is reviewed under the clearly erroneous standard.... However, the legal standard applied by the tax court in making the sham determinations is reviewed de novo.") (citation omitted, footnote omitted), *cert. denied,* — U.S. ——, 109 S.Ct. 72, 102 L.Ed.2d 49 (1988); *Enrici v. Commissioner,* 813 F.2d 293, 295 (9th Cir.1987) ("The Tax Court's finding that the [transactions] were shams, although perhaps a mixed issue of fact and law, is reviewable under the clearly erroneous standard because it 'is essentially a factual determination.'") (quoting *Thompson v. Commissioner,* 631 F.2d 642, 646 (9th Cir.1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972

(1981)); *Illinois Power Co. v. Commissioner,* 792 F.2d 683, 685 (7th Cir.1986) ("[W]e can set aside the findings of fact made by the Tax Court only if they are clearly erroneous...."). Also, "[t]he Commissioner's findings [are] presumptively correct and the burden [is] on the taxpayer to demonstrate the purported trades were bona fide." *DeMartino v. Commissioner,* 862 F.2d 400 (2d Cir.1988). *See also Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933); *Polizzi v. Commissioner,* 265 F.2d 498, 502 (6th Cir.1959); *Rockwell v. Commissioner,* 512 F.2d 882, 885 (9th Cir.), *cert. denied,* 423 U.S. 1015, 96 S.Ct. 448, 46 L.Ed.2d 386 (1975).

### II.

Recently, the Seventh Circuit issued an opinion affirming the Tax Court's *Glass* decision. In *Yosha v. Commissioner,* 861 F.2d 494 (7th Cir.1988), the Court of Appeals for the Seventh Circuit held that "[t]he transactions in this case were ... devices whose only possible or contemplated effect was to avoid taxes...." *Id.* at 499. The court found that the brokers who arranged the straddle transactions were merely "promis[ing] a tax benefit in exchange for the taxpayers' deposits [and] were selling tax deductions." *Id.* at 501. Consequently, the court affirmed the Tax Court's conclusion "that the transactions lacked economic substance...." *Id.*

The transactions involved here are fairly intricate, and a comprehensive discussion of the facts regarding these transactions was undertaken by the Tax Court in *Glass.* Reduced, however, to the bare essentials, what transpired is that for a fee, brokers in London sold tax advantages to high-bracket taxpayers. The "investors" did not receive any profits from their transactions, or sustain any actual losses beyond their initial "margin deposits." In all cases, their accounts were "zeroed out," and the transactions produced ordinary losses in year one of the straddle and capital gains in year two with minimal, if not nonexistent, risk.

We adopt the thorough opinion of the Seventh Circuit in *Yosha, supra,* which we conclude is consistent with the decisions of this court in *Keats v. United States,* 865 F.2d 86 (6th Cir. 1988); and *Mahoney v. Commissioner,* 808 F.2d 1219 (6th Cir. 1987), which also find that certain straddle transactions conducted on the London Metal Exchange were economic shams. Indeed, *Mahoney* explicitly refers to the Tax Court's *Glass* decision, indicating, "[the] approach [in *Glass*] is a sound one," with which we "approv[e]." *Mahoney,* 808 F.2d at 1220 n. 2.

### III.

Therefore, we hold the Tax Court did not err in finding that the straddle transactions entered into by the taxpayers here were economic shams. Accordingly, the judgment of the Tax Court finding a deficiency in the taxpayers' income taxes is AFFIRMED.