STEPHEN L. SMITH, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

HEATHER M. SMITH, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 30189-89, 30366-89.    Filed January 15, 1991.

*J. Montjoy Trimble,* for the petitioner in docket No. 30189-89.

*Robert L. Doyel,* for the petitioner in docket No. 30366-89.

---

*Charles A. Baer,* for the respondent.

OPINION

NIMS, *Chief Judge:* This matter is before the Court on petitioner Stephen L. Smith's motion to stay the proceedings. For reasons hereinafter stated, the Court has found it necessary to raise sua sponte the question of whether the Court has jurisdiction over the petition filed by Stephen L. Smith. (Unless otherwise indicated, section references are to the Internal Revenue Code as in effect during the years in issue.)

*Background*

Petitioner, Stephen L. Smith (Stephen), operated a sole proprietorship under the name SH Oil & Gas Exploration (SH Oil). On December 30, 1987, the State of Florida obtained an injunction halting the operation of SH Oil and a receiver was appointed to take possession of all of the assets of SH Oil and Stephen. The receiver obtained judicial authorization to seize two residences in Florida, as well as assets belonging to Heather M. Smith (Heather), Stephen's wife.

On February 24, 1989, Stephen filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The bankruptcy proceeding is entitled "In re Stephen Lewis Smith, Debtor," case No. 89-1190-8P7 (Bankr. M.D. Fla.).

On June 16, 1989, the IRS filed a proof of claim with the bankruptcy court in the amount of $10,900,490.08.

On August 7, 1989, Stephen and the trustee in bankruptcy executed an agreement entitled "Settlement and Compromise." Shortly thereafter, the trustee made application to the bankruptcy court to compromise the controversy. By order dated September 12, 1989, the bankruptcy court granted the application to compromise and approved the terms of the settlement. The portion of the settlement pertinent to the case before us provides that "Stephen L. Smith will give up his right to a discharge in the Bankruptcy."

On September 26, 1989, respondent issued a statutory notice of deficiency to Stephen and Heather determining a

deficiency and additions to tax for the taxable year 1986. On September 26, 1989, respondent issued a separate statutory notice of deficiency to Stephen determining a deficiency and additions to tax for the taxable year 1987.

On December 26, 1989, Stephen filed a petition for redetermination with this Court with respect to the taxable years 1986 and 1987. On December 27, 1989, Heather filed a separate petition for redetermination with respect to the taxable year 1986. On March 16, 1990, we granted respondent's motion to consolidate the two cases for trial, briefing, and opinion.

On March 29, 1990, Stephen filed a motion to stay proceedings in this Court pending: (1) His filing of tax returns for 1987, 1988, and 1989; (2) the completion of an audit of his tax returns for 1986 through 1989; and (3) the disposition of an adversary proceeding pending in the bankruptcy court. On April 23, 1990, respondent filed an objection to the motion to stay proceedings.

Previously, on February 8, 1990, Stephen had objected to the proof of claim filed by the IRS in the bankruptcy court. In addition, on March 20, 1990, Stephen filed an adversary proceeding in the bankruptcy court against the IRS and the trustee. Both the IRS and the trustee promptly moved to dismiss the adversary proceeding.

On June 5, 1990, the bankruptcy court overruled Stephen's objection to the proof of claim filed by the IRS. By order dated July 23, 1990, the bankruptcy court also dismissed the adversary proceeding instituted by Stephen against the IRS and the trustee. The portion of the bankruptcy court's order pertinent to the case before us provided:

The Court finds that since the Plaintiff-Debtor has waived his discharge herein he will be liable for any tax deficiencies to the United States and will be adversely affected by any determination of his ultimate tax liability to the United States, and is therefore a real party in interest. The Court further finds, however, that the Plaintiff-Debtor will be adequately protected by pursuing his 11 U.S.C. section 505 Action to determine his tax liability and by objecting to any settlement entered into between the Trustee herein and the Internal Revenue Service.

The remainder of the order provided that Stephen would be given 15 days leave to refile his complaint naming the

United States acting by and through the IRS as defendant. Stephen was further ordered "not to join the Trustee in his 11 U.S.C. section 505 Adversary proceeding."

Subsequently, Stephen instituted a second adversary proceeding in the bankruptcy court entitled "Stephen Lewis Smith v. United States," adv. proc. No. 90-392. Stephen requested that the bankruptcy court determine his 1986 and 1987 Federal income tax liabilities pursuant to 11 U.S.C. section 505(a). The Government, in turn, filed a motion requesting that the bankruptcy court abstain from hearing the adversary complaint.

By order dated November 9, 1990, the bankruptcy court granted the Government's motion to abstain from determining Stephen's personal liability for the Federal income taxes in dispute. In particular, the bankruptcy court concluded that both the debtor and the estate would be better served if the court abstained from exercising jurisdiction with respect to Stephen's tax liabilities. The bankruptcy court emphasized:

First, as noted earlier, the Debtor and his wife themselves have now pending before the tax court, Petitions seeking a determination of their tax liability. Second, in the present instance, there are no funds available which could be distributed as surplus to the Debtor under the scheme of distribution provided under section 726 of the Bankruptcy Code. Third, in the present instance, the Debtor waived his right to a discharge, therefore, any determination by this Court could not provide any material benefit to the Debtor, and any favorable ruling by this Court would not assist him to have a fresh start in life.

Based on the foregoing, the bankruptcy court ordered that the motion to abstain filed by the Government would be treated as a motion to defer and to stay proceedings and be granted as such. The bankruptcy court further ordered that "after the Tax Court has determined the liability *vel non* of this Debtor, this Court will enter an appropriate order concerning the claim filed in this Chapter 7 case by the United States of America."

## Discussion

As a preliminary matter, we must decide whether this Court has jurisdiction over the petition filed by Stephen. A jurisdictional issue can be raised by either party or the

Court sua sponte at any stage of the proceedings. *Normac, Inc. & Normac International v. Commissioner,* 90 T.C. 142, 146 (1988). This issue arises because, if the automatic stay of 11 U.S.C. section 362(a)(8) was in effect at the time Stephen filed his petition for redetermination, we do not have jurisdiction. Thus, that question must first be resolved as a predicate for going forward on the merits.

11 U.S.C. section 362(a)(8) provides in pertinent part:

Sec. 362(a). Except as provided in subsection (b) of this section, a petition filed under section 301 * * * operates as a stay, applicable to all entities, of—

\* \* \* \* \* \* \*

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

However, 11 U.S.C. section 362(b)(9) provides in pertinent part:

Sec. 362(b). The filing of a petition under section 301 * * * does not operate as a stay—

\* \* \* \* \* \* \*

(9) under subsection (a) of this section, of the issuance to the debtor by a governmental unit of a notice of tax deficiency.

In sum, while respondent may issue a notice of deficiency during the pendency of a bankruptcy case, the Tax Court's jurisdiction is limited by the stay imposed by 11 U.S.C. section 362(a)(8). Unless relief from the stay is granted by order of the bankruptcy court, see 11 U.S.C section 362(d), the stay remains in effect until the earliest of the closing of the case, dismissal of the case, or the grant or denial of a discharge. 11 U.S.C. section 362(c)(2); *Neilson v. Commissioner,* 94 T.C. 1, 8 (1990); *Thompson v. Commissioner,* 84 T.C. 645, 648 (1985).

As a result of the stay provisions, a debtor/taxpayer is prohibited from filing a petition in this Court during the imposition of the stay. If respondent issues a notice of deficiency while the automatic stay is in effect, the time prescribed by section 6213(a) for filing a timely petition for redetermination is suspended and does not begin to run until 60 days after the stay is no longer effective. Sec. 6213(f).

Respondent contends that we have jurisdiction over Stephen's petition because the automatic stay was terminated by virtue of Stephen's waiver of his right to a discharge. In support of his contention, respondent relies on 11 U.S.C. section 362(c)(2) which provides in pertinent part:

Sec. 362(c). Except as provided in subsections (d), (e), and (f) of this section—

\* \* \* \* \* \* \*

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—
    (A) the time the case is closed;
    (B) the time the case is dismissed; or
    (C) if the case is a case under chapter 7 of this title concerning an individual .\* \* \* the time a discharge is granted or denied.

It is respondent's position that Stephen's waiver of his right to a discharge is the equivalent of a denial of discharge pursuant to 11 U.S.C. section 362(c)(2)(C). Specifically, respondent argues that 11 U.S.C. section 727(a)(10) provides that the bankruptcy court must deny a discharge if it has approved a written waiver of discharge. Respondent cites *In re Shenberg,* 433 F. Supp. 677 (N.D. Ill. 1977), a case decided under the Bankruptcy Code in effect prior to 1978, to support his position.

While petitioner has not specifically addressed the jurisdictional issue at hand, petitioner moved for a stay of these proceedings pending the outcome of the adversary proceeding pending in the bankruptcy court. As previously noted, the bankruptcy court has decided to abstain from determining petitioner's tax liabilities for the years at issue in this case.

We raised the issue of the Court's jurisdiction in this case because the bankruptcy court did not formally lift the automatic stay prior to the time Stephen filed his petition herein. Likewise, the bankruptcy case was not closed or dismissed. Nevertheless, we agree with respondent that Stephen's waiver of his right to a discharge served as a denial of a discharge so as to terminate the automatic stay pursuant to 11 U.S.C. section 362(c)(2)(C).

Section 727(a)(10) of the Bankruptcy Code provides:

Sec. 727(a). The court shall grant the debtor a discharge, unless—

\* \* \* \* \* \* \*

(10) the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter.

Thus, 11 U.S.C. section 727(a)(10) places certain restrictions on the process of waiver of discharge. In particular, the waiver must be executed in writing by the debtor after the order for relief under chapter 7. Further, the waiver must be approved by the bankruptcy court.

The order for relief in a voluntary proceeding occurs when the bankruptcy petition is filed. See 11 U.S.C. sec. 301. Thus, a waiver must be executed in writing after the case commences.

As previously discussed, Stephen expressly waived his right to a discharge in the settlement and compromise executed after his bankruptcy case had commenced. The bankruptcy court approved the terms of the settlement and compromise by granting the trustee's application to compromise. In addition, the bankruptcy court recognized the waiver of discharge in its orders dated July 23, 1990, and November 9, 1990, respectively. Under these circumstances, there has been an effective waiver of discharge. See *In re Mapother,* 53 Bankr. 433, 435-436 (Bankr. W.D. Ky. 1985). Stephen does not argue to the contrary.

The effect of a waiver of discharge under 11 U.S.C. section 727(a)(10) is that the debtor shall be denied a discharge. See 4 W. Collier, Bankruptcy, par. 727.12 (15th ed. 1990); 1 W. Norton, Bankruptcy Law and Practice, sec. 27.23 (1982). See also *In re Shenberg, supra* at 680 ("If \* \* \* adjudged a bankrupt, actions against [such person] may be further stayed until the question of his discharge is determined by the court after a hearing, or by his filing a waiver of, or having lost, his right to a discharge"). Thus, the automatic stay is terminated with an effective waiver of discharge. 11 U.S.C. sec. 362(c)(2)(C).

In light of the foregoing, we conclude that the automatic stay was terminated in this case on September 12, 1989, the date the bankruptcy court granted the trustee's application to compromise. At that time, the bankruptcy court approved the terms of the settlement, thereby accepting Stephen's waiver of his right to a discharge.

We further note that the policies underlying the automatic stay provisions would no longer be served after Stephen waived his right to a discharge. In particular, the bankruptcy court emphasized that there were no surplus funds available for distribution to Stephen. In addition, the bankruptcy court pointed out that by virtue of Stephen's waiver of his right to a discharge, the bankruptcy court was in no position to provide any material benefit to Stephen or to assist him in a fresh start in life. See *In re Marker Eighty, Inc.,* 69 Bankr. 561, 566 (Bankr. M.D. Fla. 1987). Finally, although aware of the ongoing proceedings in this Court, the bankruptcy court did not suggest that the automatic stay was otherwise in effect.

As a result of our finding that the automatic stay was terminated prior to the filing of the petition herein, there is no question that Stephen filed a timely petition and that his tax liabilities for the years at issue are squarely before the Court. See sec. 6213(a). Petitioner's first two grounds for staying the proceedings, namely, pending the filing of 1987, 1988, and 1989 returns and the completion of an audit of his returns for 1986 through 1989, are without merit. Furthermore, the bankruptcy court has decided that the parties before it will be best served if Stephen's tax liability is determined in this Court. Accordingly, we decline to further stay the proceedings in this case. This case will be restored to the general docket to be calendared for trial on the merits at an appropriate time and place.

To reflect the foregoing,

*An appropriate order will be issued.*