RONALD B. & SUZANNE KAY HALPERN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 14384-90.     Filed June 24, 1991.

*Peter Driscoll,* for the petitioners.
*Joseph T. Chalhoub,* for the respondent.

### OPINION

NIMS, *Chief Judge:* This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction. For reasons hereinafter stated, we now find it necessary to raise sua sponte the question of whether the Court has jurisdiction over the petition filed in this case. (Unless otherwise

indicated, section references are to the Internal Revenue Code as in effect for the year in issue.)

## Background

On August 2, 1985, Ronald B. and Suzanne Kay Halpern (petitioners) filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On December 20, 1985, the bankruptcy court issued an order for meeting of creditors and notice of automatic stay with respect to petitioners' case.

On April 4, 1990, respondent issued a statutory notice of deficiency to petitioners determining deficiencies in and additions to petitioners' Federal taxes for the taxable year 1986. On July 2, 1990, petitioners filed a petition for redetermination with this Court.

On August 16, 1990, respondent filed a motion to dismiss for lack of jurisdiction alleging that the petition was filed in violation of the automatic stay imposed by 11 U.S.C. section 362(a)(8).

On September 13, 1990, petitioners filed an objection to respondent's motion to dismiss. Petitioners contend that the automatic stay does not preclude the commencement of a case in this Court if the underlying deficiencies relate to taxes arising subsequent to the filing of the bankruptcy petition. In petitioners' view, 11 U.S.C. section 362(a)(8) only precludes the commencement or continuation of proceedings in this Court with respect to Federal tax liabilities arising prior to the filing of a petition for relief in bankruptcy.

On October 19, 1990, respondent filed a motion to withdraw his motion to dismiss. Respondent asserted that after further consideration of the issue—

respondent now believes that the automatic stay provisions of 11 U.S.C. section 362(a)(8) may not necessarily apply to postbankruptcy petition tax liabilities. Accordingly, the respondent believes that this Court could conceivably have jurisdiction over petitioners in this case.

Respondent's motion to withdraw his motion to dismiss was subsequently deemed to have been withdrawn.

## Discussion

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress. *Naftel v. Commissioner*, 85 T.C. 527, 529 (1985), and cases cited therein. As stated in *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner*, 35 T.C. 177, 179 (1960):

questions of jurisdiction are fundamental and whenever it appears that this Court may not have jurisdiction to entertain the proceeding that question must be decided. * * *

It is Congress, and not the parties, who confers jurisdiction on this Court. See, e.g., *Junaluska Assembly Housing, Inc. v. Commissioner*, 86 T.C. 1114, 1126 (1986). We do not obtain jurisdiction by the agreement of the parties. Rather, where the parties do not assume adversary positions with respect to the question of jurisdiction, the Court may raise the issue sua sponte. *Smith v. Commissioner*, 96 T.C. 10, 13-14 (1991); *Estate of Young v. Commissioner*, 81 T.C. 879, 880-881 (1983).

The current posture of this case dictates that we raise the issue of our jurisdiction sua sponte. If the automatic stay imposed by 11 U.S.C. section 362(a)(8) applies to claims for Federal tax liabilities arising subsequent to the filing of a petition for relief under the Bankruptcy Code, then the petition in question is invalid and we are without jurisdiction.

Title 11 of the United States Code provides uniform procedures designed to promote the effective rehabilitation of the bankrupt debtor and the equitable distribution of his assets among his creditors. The automatic stay prescribed by 11 U.S.C. section 362(a) is a tool of significant importance in achieving these aims. See H. Rept. 95-595, at 340 (1977) (the automatic stay is designed to give the debtor a breathing spell from his creditors, while it also protects creditors by providing an orderly liquidation procedure); *In re Stringer*, 847 F.2d 549, 551-552 (9th Cir. 1988); *Hunt v. Bankers Trust Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986).

11 U.S.C. section 362(a) was codified in the so-called Bankruptcy Reform Act of 1978, Pub. L. 95-598, 92 Stat. 2570. 11 U.S.C. section 362(a) provides in pertinent part:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, * * * operates as a stay, applicable to all entities, of —

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) *the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.* [Emphasis added.]

In sum, the automatic stay under 11 U.S.C. section 362(a) generally operates to bar actions against or concerning the debtor or property of the debtor if the actions could have been brought before the bankruptcy petition was filed or if the actions represent efforts to collect on claims arising before the commencement of the bankruptcy case. (Such claims will hereinafter be referred to as prepetition claims, to be distinguished from postpetition claims.) In addition, the automatic stay prohibits acts against property of the estate regardless of whether the claim may be characterized as prepetition or postpetition. 11 U.S.C. sec. 362(c)(1); *In re Petruccelli,* 113 Bankr. 5, 6 (Bankr. S.D. Cal. 1990).

Unless relief from the automatic stay is granted by order of the bankruptcy court pursuant to 11 U.S.C. section 362(d), the automatic stay generally remains in effect until the earliest of the closing of the case, dismissal of the case, or the grant or denial of a discharge. 11 U.S.C. sec. 362(c)(2); *Smith v. Commissioner,* 96 T.C. at 14; *Neilson v. Commissioner,* 94 T.C. 1, 8 (1990).

The issue for decision concerns the scope of the automatic stay imposed under 11 U.S.C. section 362(a)(8). As indicated, we must decide whether the automatic stay applies to tax liabilities arising subsequent to the filing of a bankruptcy petition.

11 U.S.C. section 362(a)(8) by its terms expressly bars the commencement or continuation of a proceeding before this Court concerning the debtor. Consequently, it seems that the automatic stay bars actions against the debtor in this Court regardless of whether the underlying deficiency may be characterized as arising prepetition or postpetition.

It is a well-established rule of statutory construction that statutes are to be construed so as to give effect to their plain and ordinary meaning unless to do so would produce absurd or futile results. *United States v. American Trucking Associations,* 310 U.S. 534, 543-544 (1940). Moreover, where a statute is clear on its face, we require unequivocal evidence of legislative purpose before construing the statute so as to override the plain meaning of the words used therein. *Huntsberry v. Commissioner,* 83 T.C. 742, 747-748 (1984).

In considering the automatic stay provision as a whole, there is compelling justification for a literal construction of 11 U.S.C. section 362(a)(8). Specifically, we contrast the provision in question with the language of 11 U.S.C. section 362(a)(1), which definitively limits the scope of the automatic stay to prepetition claims. Presumably, if Congress had intended to confine the automatic stay imposed under 11 U.S.C. section 362(a)(8) to prepetition tax liabilities, Congress would have so provided.

Petitioners nevertheless reject a plain reading of 11 U.S.C. section 362(a)(8) and instead argue that the automatic stay should not be applied to preclude the commencement or continuation of a proceeding in this Court against a debtor for postpetition taxes. Relying on *In re Mirman,* 98 Bankr. 742, 745 (Bankr. E.D. Va. 1989), it is argued that because the bankruptcy court generally lacks jurisdiction over postpetition tax liabilities, the policies that the automatic stay is intended to further are not recognized if the stay is applied to preclude the commencement of proceedings in this Court to redetermine such liabilities.

Reliance on *In re Mirman, supra,* to support a narrow reading of 11 U.S.C. section 362(a)(8) is misplaced. That case concerned an attempt by the Commissioner to collect a postpetition tax liability from the bankruptcy estate. The bankruptcy court ruled that, absent an election by the debtor to terminate his taxable year concurrent with the filing of the bankruptcy petition under section 1398(d) of the Internal Revenue Code, the Bankruptcy Code precludes the Commissioner from collecting postpetition tax liabilities from property of the estate. The bankruptcy court emphasized that such claims may be collected directly from the individual debtor. In short, *In re Mirman* simply does not address the scope of the automatic stay as applied to proceedings in this Court.

Moreover, we doubt that as a practical matter petitioners' approach to applying the automatic stay results in a workable rule. Specifically, *In re Mirman, supra,* reveals that the bankruptcy court obtains jurisdiction over Federal tax liabilities otherwise properly characterized as postpetition liabilities if the debtor timely elects to terminate his taxable year pursuant to section 1398(d). In addition, postpetition tax liabilities may be pursued in chapter 13 bankruptcy proceedings if provided for in the plan and if the Commissioner files a proof of claim. See 11 U.S.C. sec. 1305(a)(1), (b); *In re Hester,* 63 Bankr. 607, 609 (Bankr. E.D. Tenn. 1986). It necessarily follows that the automatic stay applies to preclude proceedings in this Court with respect to those postpetition tax liabilities over which the bankruptcy court has obtained jurisdiction.

As a consequence, it is evident that a determination that this Court has jurisdiction over postpetition tax liabilities would be contingent on a finding with respect to the jurisdiction of the bankruptcy court. Such a determination would be critical to avoiding potential conflicts with the bankruptcy court. On the other hand, such jurisdictional concerns are eliminated if a plain reading of the automatic stay provision is adopted.

One of the earliest proponents for an automatic stay of proceedings in this Court was William T. Plumb, Jr., a consultant to the commission that Congress created in 1970 to study the bankruptcy laws. See Pub. L. 91-354, 84 Stat.

468 (1970). Plumb advocated an automatic stay of proceedings in this Court as a means for resolving jurisdictional tensions between this Court and the bankruptcy court over tax claims against a debtor in bankruptcy. In Plumb's view, judicial economy could be furthered by vesting the bankruptcy court with discretion to control the adjudication of tax liabilities. See Plumb, "The Tax Recommendations of the Commission on the Bankruptcy Laws—Tax Procedures," 88 Harv. L. Rev. 1360, 1402-1404 (1975). Plumb related his concerns and proposals to Congress. See Hearings on S. 235 and S. 236, before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess. 847-848 (1975); Hearings on H.R. 31 and H.R. 32, before the Subcommittee on Civil and Constitutional Rights of the House Committee on the Judiciary, 94th Cong., 2d Sess. 2075-2077 (1976).

Ironically, there is no reference to an automatic stay of Tax Court proceedings in either of the original reports issued by the House and Senate Judiciary Committees to accompany the Bankruptcy Reform Act of 1978. See H. Rept. 95-595 (1977), to accompany H.R. 8200 (Pub. L. 95-598); S. Rept. 95-989 (1978), to accompany S. 2266 (Pub. L. 95-598). Rather, 11 U.S.C. section 362(a)(8), as finally enacted, first appeared in a reading of H. 8200 on the House floor on September 28, 1978. See 124 Cong. Rec. 32356 (1978). The provision was referred to as "new" and was described as staying "the commencement or continuation of any proceeding concerning the debtor before the U.S. Tax Court." 124 Cong. Rec. 32395.

On September 28, 1978, and October 6, 1978, nearly identical statements were made on both the House and Senate floors, respectively, outlining the agreement of the two bodies on the final language for the bill. See 124 Cong. Rec. 32392, 32413-32414 (Rep. Edwards), reprinted in part in 11 U.S.C. section 505 as Historical and Revision Notes— Legislative Statements, at 71 (1988) (legislative statements). (Senator DeConcini's statements from the Senate Floor can be found at 124 Cong. Rec. S17406, S17426-17428, reprinted in 1978 U.S. Code Cong. & Admin. News 6505, 6559-6562.) Although the House rejected for parliamentary reasons a request by the Senate for a conference, see 124 Cong. Rec.

S17404, the legislative statements cited above are in the nature of a conference report and will be treated as such herein.[1]

The legislative statements describe the operation of the Bankruptcy Reform Act of 1978 and demonstrate that Congress resolved that the bankruptcy court should have the sole discretion to determine whether tax claims would be adjudicated before that tribunal or the Tax Court. In this regard, the legislative statements provided:

> The House amendment * * * adds a rule staying commencement or continuation of *any* proceeding in the Tax Court after the bankruptcy petition is filed, unless and until that stay is lifted by the bankruptcy judge under section 362(a)(8). * * * The statute of limitations is tolled under the House amendment while the bankruptcy case is *pending*. [Legislative Statements, at 72. Emphasis added.]

We believe that 11 U.S.C. section 362(a)(8) was codified to clarify that this Court would no longer exercise wholly concurrent jurisdiction with the bankruptcy court with respect to the resolution of tax issues. Rather, in the absence of approval by the bankruptcy court to proceed otherwise, the filing of a bankruptcy petition stays the commencement or continuation of proceedings in this Court concerning the debtor until the closing of the case, dismissal of the case, or the grant or denial of a discharge. 11 U.S.C. sec. 362(c)(2). To avoid encroaching on the jurisdiction of the bankruptcy court with respect to the debtor's postpetition tax liabilities, and to thereby further the policy of judicial economy, we believe the automatic stay imposed by 11 U.S.C. section 362(a)(8) is reasonably and properly read to apply to all proceedings in this Court concerning a debtor in bankruptcy.

In sum, we reject an interpretation of 11 U.S.C. section 362(a) which grafts a postpetition tax liability exception

---

[1]For a further explication of the efficacy of floor statements and "colloquies" as legislative history, see *Glass v. Commissioner,* 87 T.C. 1087, 1168-1169 (1986), affd. sub nom. *Dewees v. Commissioner,* 870 F.2d 21 (1st Cir. 1989), affd. sub nom. *Friedman v. Commissioner,* 869 F.2d 785 (4th Cir. 1989), affd. sub nom. *Keane v. Commissioner,* 865 F.2d 1088 (9th Cir. 1989), affd. sub nom. *Ratliff v. Commissioner,* 865 F.2d 97 (6th Cir. 1989), affd. sub nom. *Killingsworth v. Commissioner,* 864 F.2d 1214 (5th Cir. 1989), affd. sub nom. *Kirchman v. Commissioner,* 862 F.2d 1486 (11th Cir. 1989), affd. sub nom. *Yosha v. Commissioner,* 861 F.2d 494 (7th Cir. 1988), affd. sub nom. *Herrington v. Commissioner,* 854 F.2d 755 (5th Cir. 1988), affd. sub nom. *Kielmar v. Commissioner,* 884 F.2d 959 (7th Cir. 1989), affd. without published opinion sub nom. *Lee v. Commissioner,* 889 F.2d 1090 (8th Cir. 1989).

onto the automatic stay. Rather, to fulfill our obligation to construe the provision in a reasonable manner so as to carry out the purpose for which it was adopted, *Commissioner v. Brown*, 380 U.S. 563, 571 (1965), we will apply the express terms of 11 U.S.C. section 362(a)(8) as written. Stated another way, we conclude and hold that the automatic stay of 11 U.S.C. section 362(a)(8) bars the commencement or continuation of proceedings in this Court, regardless of whether the underlying claim relates to prepetition or postpetition deficiencies.

We recognize, as respondent contends, that a literal interpretation of 11 U.S.C. section 362(a)(8) places the Commissioner in a less advantageous position than that enjoyed by private creditors who generally may proceed uninhibited against a debtor for postpetition claims. See *In re Petruccelli*, 113 Bankr. 5, 6 (Bankr. S.D. Cal. 1990); *In re Harvey*, 88 Bankr. 860, 862 (Bankr. N.D. Ill. 1988); *In re York*, 13 Bankr. 757, 758 (Bankr. D. Maine 1981). However, the Commissioner is not without a remedy. If the Commissioner believes that cause exists for lifting the stay, the Commissioner may seek relief from the stay in the bankruptcy court. See 11 U.S.C. sec. 362(d); *In re Arnold*, 806 F.2d 937 (9th Cir. 1986). Motions for such relief are apparently handled expeditiously, with the burden of proof generally resting with the party opposing relief. 11 U.S.C. sec. 362(e), (g).

Because the automatic stay was in effect at the time of the filing of the petition herein, the petition is invalid and must be dismissed for lack of jurisdiction.

To reflect the foregoing,

*An appropriate order will be issued.*