AARON RUSSO AND ANDREA RUSSO, PETITIONERS
*v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 6078-83.          Filed January 13, 1992.

*Victor F. Keen,* for petitioner Aaron Russo.
*Andrew P. Fradkin,* for petitioner Andrea Russo.
*Carmen M. Baerga* and *Jordan S. Musen,* for respondent.

OPINION

NIMS, *Chief Judge:* This matter is before the Court on a motion for leave to file amendment to petition filed on behalf of petitioner Andrea Russo (Mrs. Russo). The issue for decision is whether Mrs. Russo should be allowed to amend the petition in this case to add a claim of innocent spouse. (All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.)

By statutory notice of deficiency dated December 29, 1982, respondent determined the following deficiencies:

| Year | Deficiency |
|------|-----------|
| 1973 | $25,567 |
| 1976 | 155,568 |
| 1977 | 648 |

On March 21, 1983, petitioners' attorney Michael Dinkes filed the petition in this case on behalf of Aaron Russo and Andrea Russo. Petitioners resided in New York, New York, at that time. On October 29, 1984, Victor F. Keen filed an entry of appearance "for the petitioners in the above-entitled case", and on January 24, 1985, Mr. Dinkes' motion to withdraw as counsel was granted.

The deficiencies stem from an investment in the so-called London Options commodity straddles as reported on petitioners' joint Federal income tax returns for the years in issue. See *Glass v. Commissioner,* 87 T.C. 1087 (1986), affd. sub nom. *Bohrer v. Commissioner,* 945 F.2d 344 (10th Cir. 1991), affd. sub nom. *Lee v. Commissioner,* 897 F.2d 915 (8th Cir. 1989), affd. sub nom. *Kielmar v. Commissioner,* 884 F.2d 959 (7th Cir. 1989), affd. sub nom. *Dewees v. Commissioner,*

870 F.2d 21 (1st Cir. 1989), affd. sub nom. *Friedman v. Commissioner*, 869 F.2d 785 (4th Cir. 1989), affd. sub nom. *Keane v. Commissioner*, 865 F.2d 1088 (9th Cir. 1989), affd. sub nom. *Ratliff v. Commissioner*, 865 F.2d 97 (6th Cir. 1989), affd. sub nom. *Killingsworth v. Commissioner*, 864 F.2d 1214 (5th Cir. 1989), affd. sub nom. *Kirchman v. Commissioner*, 862 F.2d 1486 (11th Cir. 1989), affd. sub nom. *Yosha v. Commissioner*, 861 F.2d 494 (7th Cir. 1988), affd. sub nom. *Herrington v. Commissioner*, 854 F.2d 755 (5th Cir. 1988); see also *Keats v. United States*, 865 F.2d 86 (6th Cir. 1988).

On October 26, 1988, the Court ordered petitioners to show cause why *Glass* should not be determinative of the London Options issue in this case. On January 11, 1989, petitioners filed a response wherein they agreed to be bound by *Glass*. By order dated January 22, 1990, the Court made absolute its order to show cause and directed the parties to submit, on or before April 16, 1990, computations for entry of decision and proposed decision documents.

After various delays for reasons we need not recount here, on March 11, 1991, the Court directed the parties to file status reports or furnish the Court with computations for entry of decision and proposed decision documents. In response, respondent filed a motion for entry of decision with a proposed decision document. Petitioners responded to the direction to file a status report by raising for the first time an innocent spouse claim on behalf of Mrs. Russo, stating that "Andrea Russo had not been aware of the pending case or her potential tax liability thereunder."

On July 10, 1991, attorney Andrew P. Fradkin filed an entry of appearance as counsel for Mrs. Russo. On July 29, 1991, Mr. Fradkin filed a motion for leave to file amendment to petition and lodged an amendment to petition, wherein it is asserted that Mrs. Russo should be relieved of liability as an innocent spouse under section 6013(e). Mrs. Russo further proposes to assert by her proposed amendment that she is an innocent spouse by reason of her lack of "involvement" in investing in "a venture known as London Options", which gave rise to losses claimed on petitioners' joint returns for the years in issue.

Under Rule 41(a):

A party may amend a pleading once as a matter of course at any time before a responsive pleading is served. If the pleading is one to which no responsive pleading is permitted and the case has not been placed on a trial calendar, then a party may so amend it at any time within 30 days after it is served. Otherwise a party may amend a pleading only by leave of Court or by written consent of the adverse party, and leave shall be given freely when justice so requires. * * *

In the instant case, the motion for leave to file amendment to petition obviously was not filed before the responsive pleading; thus, amendment may be granted only by written consent of respondent or by leave of Court. Not surprisingly, respondent has not consented.

The petition in this case was filed by counsel in the name of both petitioners. Notwithstanding her alleged lack of awareness of the pendency of this case, Mrs. Russo, according to Mr. Fradkin, "is willing to ratify the filing of the petition on her behalf." Mrs. Russo now claims, after every issue had seemingly been resolved, that she had no knowledge of the London Options investment and is therefore entitled to innocent spouse relief. The petition was filed on March 21, 1983, so 8 years have passed. During that time the London Options issue was litigated and decided by this Court, and affirmed on appeal by at least eight different U.S. Courts of Appeals. At no time during the course of the litigation did Mrs. Russo raise the question of innocent spouse.

As stated, Rule 41(a) provides that leave to amend a petition should be freely granted when justice so requires. But to now allow Mrs. Russo to amend the petition would require respondent to defend against an innocent spouse claim that would necessarily date back to the years at issue, beginning with 1973. We cannot conceive that justice would be served by placing this burden on respondent in a case that has been before the Court for more than 8 years without so much as a murmur about innocent spouse during that entire time.

Furthermore, and just as significantly, even if we were to grant Mrs. Russo's motion, she could not prevail on the basis of her claim of entitlement to relief.

A husband and wife who file a joint return are jointly and severally liable for the tax due. Sec. 6013(d)(3). However, under section 6013(e)(1), a spouse is relieved of liability if he

or she proves the following: (1) That a joint return has been made for a taxable year; (2) that on such return there is a substantial understatement of tax attributable to grossly erroneous items which are not those of the spouse to be relieved; (3) that he or she did not know, and had no reason to know, of such substantial understatement when he or she signed the return; and (4) that after consideration of all the facts and circumstances, it would be inequitable to hold him or her liable for the deficiency in income tax attributable to such substantial understatement. *Flynn v. Commissioner,* 93 T.C. 355, 359 (1989); *Purcell v. Commissioner,* 86 T.C. 228, 235 (1986), affd. 826 F.2d 470 (6th Cir. 1987).

Section 6013(e)(2) provides:

For purposes of this subsection, the term "grossly erroneous items" means, with respect to any spouse—

(A) any item of gross income attributable to such spouse which is omitted from gross income, and

(B) any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law.

Thus, items of omitted gross income are automatically considered to be grossly erroneous, whereas disallowed deductions must be proven to be without any basis in fact or law.

In *Douglas v. Commissioner,* 86 T.C. 758 (1986), we elaborated on the statutory requirement of "no basis in fact or law". We stated:

a deduction has no basis in fact when the expense for which the deduction is claimed was never, in fact, made. A deduction has no basis in law when the expense, even if made, does not qualify as a deductible expense under well-settled legal principles or when no substantial legal argument can be made to support its deductibility. Ordinarily, a deduction having no basis in fact or in law can be described as frivolous, fraudulent, or, to use the word of the committee report, phony. [*Douglas v. Commissioner, supra* at 762-763; fn. ref. omitted.]

We went on to say that merely because a deduction was disallowed does not mean that it had no basis in fact or law. *Douglas v. Commissioner,* 86 T.C. at 763.

The deductions in this case were not "grossly erroneous" within the contemplation of section 6013(e). The London Options tax shelter was sanctioned initially by certain Internal Revenue Service private letter rulings, beginning with the so-

called "Zinn Ruling" in 1974. See *Glass v. Commissioner,* 87 T.C. at 1153. Following the largest consolidation of cases in the history of the Tax Court and a lengthy trial, the Court concluded in a 100-plus page opinion that the losses claimed were not "intended" by the relevant Code sections and were not allowable under the rationale of *Gregory v. Helvering,* 293 U.S. 465, 469 (1935). *Glass v. Commissioner,* 87 T.C. at 1177. Thus, the deductions upon which Mrs. Russo bases her innocent spouse claim could not be grossly erroneous items within section 6013(e)(2), and we so hold.

A final cautionary note. Mrs. Russo's untimely, late-hour assertion of innocent spouse has many of the earmarks of a proceeding maintained by the taxpayer primarily for delay. See sec. 6673(a)(1). Furthermore, it could plausibly be concluded that counsels' actions have multiplied the proceedings unreasonably and vexatiously (sec. 6673(a)(2)) and that counsel have certified various pleadings herein in violation of Rule 33(b).

Nevertheless, since it has been possible to rule on Mrs. Russo's motion to amend without the necessity of an evidentiary hearing, which might have cast further light on the dilatory aspects of this matter, the Court will content itself with the foregoing words of disapprobation. However, we will not hesitate to apply the sanctions available to us where deemed appropriate in future matters of this type.

Petitioner Andrea Russo's motion for leave to file amendment to petition will be denied.

*An appropriate order will be issued.*