JOHN B. SANFORD, III, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sanford v. Commissioner
Docket No. 2152-91
United States Tax Court
T.C. Memo 1992-182; 1992 Tax Ct. Memo LEXIS 217; 63 T.C.M. (CCH) 2571; March 26, 1992, Filed *217 An appropriate order will be entered. Larry D. George, for petitioner. Marion S. Friedman and Roxann T. Conrad, for respondent. NIMS
NIMS
MEMORANDUM OPINION NIMS, Chief Judge: This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground the petition herein was not filed in a timely manner. The issue to be decided is whether, as petitioner contends, the petition should be dismissed on the ground that it was filed in violation of the automatic stay under 11 U.S.C. section 362(a)(8) (1988). (Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue. Rule references are to the Tax Court Rules of Practice and Procedure.) Background
On August 23, 1990, respondent issued a joint deficiency notice to petitioner and his former wife determining deficiencies in and additions to their Federal income tax for the taxable year 1983. On February 4, 1991 (165 days after the mailing of the deficiency notice), petitioner filed a petition for redetermination with this Court. On April 8, 1991, respondent filed a motion to dismiss for lack of jurisdiction on the ground that the petition *218 was filed beyond the 90-day filing period prescribed in section 6213(a). On May 3, 1991, petitioner filed a notice of objection to respondent's motion to dismiss. It is petitioner's position that his petition should be dismissed on the ground that it was filed in violation of the automatic stay imposed by 11 U.S.C. section 362(a)(8) (1988). The pertinent facts relating to the bankruptcy proceeding instituted by petitioner are as follows. On January 31, 1990, petitioner filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On March 5, 1990, petitioner's case was converted from chapter 11 to chapter 7. On May 30, 1990, petitioner's former wife, Marion K. Sanford (Marion), filed a complaint objecting to dischargeability of debt on the ground that petitioner should not be discharged from his obligation under their decree of divorce to indemnify her and hold her harmless for all unpaid income taxes for 1985 and prior years. On June 26, 1990, the bankruptcy court entered an order discharging petitioner from all dischargeable debts. On August 6, 1990, Marion filed a motion to modify order granting discharge of debtor. On August 16, 1990, the bankruptcy court *219 issued an order modifying the order of discharge to exclude from discharge the cause of action set forth in Marion's complaint. On June 3, 1991, the bankruptcy court ruled in favor of petitioner with respect to Marion's complaint, discharging petitioner from the disputed obligation. Discussion
Our jurisdiction to redetermine a deficiency depends on the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a) and (c); Levitt v. Commissioner, 97 T.C. 437, 441 (1991); Pyo v. Commissioner, 83 T.C. 626, 632 (1984). Section 6213(a) provides that the taxpayer generally will have 90 days from the date the notice of deficiency is mailed to file a petition for redetermination. This Court's jurisdiction is further limited by the automatic stay imposed under 11 U.S.C. section 362(a)(8) (1988) which proscribes the commencement or continuation of proceedings in this Court against or concerning debtors in bankruptcy. Halpern v. Commissioner, 96 T.C. 895, 898 (1991); Smith v. Commissioner, 96 T.C. 10, 14 (1991). Unless relief from the stay is granted pursuant to 11 U.S.C. section 362(d) *220 (1988), the stay remains in effect until the earliest of the closing of the case, dismissal of the case, or the grant or denial of a discharge. 11 U.S.C. sec. 362(c)(2) (1988); Allison v. Commissioner, 97 T.C. 544, 545 (1991); Smith v. Commissioner, supra at 14. Petitioner contends that his petition should be dismissed for lack of jurisdiction on the ground that his petition was filed in violation of the automatic stay. We disagree. On June 26, 1990, the bankruptcy court entered an order discharging petitioner from all dischargeable debts. On that date, the automatic stay under 11 U.S.C. sec. 362(a)(8) (1988) was terminated by virtue of the express terms of 11 U.S.C. 362(c)(2)(C) (1988). Contrary to petitioner's assertions, the automatic stay did not continue in effect as a consequence of the pending adversary proceeding instituted by his former wife. As we recently emphasized in Allison v. Commissioner, supra at 546, "the retention of jurisdiction by the bankruptcy court after a case has been closed, dismissed, or discharged does not continue or reactivate the stay." We concluded in Allison that an order *221 of the bankruptcy court reopening a bankruptcy proceeding was not effective to reactivate the automatic stay. To the same effect is Moody v. Commissioner, 95 T.C. 655, 663-664 (1990) (after confirmation of a chapter 11 plan, the existence of a pending adversary proceeding does not serve to continue the stay). Under the circumstances, we conclude that the automatic stay was not in effect at the time petitioner filed his petition herein. Because the petition was filed outside of the 90-day filing period prescribed in section 6213(a), this case must be dismissed for lack of jurisdiction. To reflect the foregoing, An appropriate order will be entered.