ESTATE OF JOHN B. ALLINSON, DECEASED, MARY S. ALLINSON, EXECUTRIX, MARY S. ALLINSON, ALVIN B. AND GENEVIEVE ASHER, CHARLES AND ROSEMARIE BELDEN, GEORGE E. BERNSTEIN, DECEASED, ANNE BERNSTEIN, DALE H. BOGGS, DARRELL GORDON BRADBROOK, JAMES D. CARR, DATHEL D. CARR, DECEASED, DAVID AND LINDA ESTUM, ESTATE OF BERNICE W. FLOOD, DECEASED, THE HAWAIIAN TRUST CO., LTD., EXECUTOR, VAN D. AND BARBARA GOTT, IRVING L. AND WILMA W. HERTLEIN, EVANGELINE HILL, CHARLES R. AND BJORG R. HOUSTON, JAMES L. AND NORMA L. JOHNSON, RICHARD JOHNSON, JAMES T. AND ANN NGUYET LAMBETH, LEO AND MARY MAIER, SEIJI AND JANE E. NAYA, YOJI AND ETSU NOBUNAGA, EDWARD L. AND RICCI R. PAGLIUSO, JOHN C. PARKER, JULIE M. PARKER, ELBERT AND DOROTHY M. RICE, MONA L. ROBINSON, LAVERNE W. AND LUCILLE M. ROTH, SAMUEL T. AND ELIZABETH S. SAKAMAKI, EDWARD B. AND MARJORIE S. SEITZ, WILLIAM AND RACHEL SLOMOVIC, EDWARD A. AND MYRNA J. TAYLOR, STANLEY R. AND JEANETTE L. THOMAS, DOROTHY M. VOLLMER, DONALD L. WINDERS, HARRY AND FLORENCE L. WOO, AND GEORGE S. ZAROU, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Allinson v. Commissioner
Docket No. 23457-85
United States Tax Court
T.C. Memo 1994-304; 1994 Tax Ct. Memo LEXIS 307; 68 T.C.M. (CCH) 1; July 5, 1994, Filed *307 An appropriate order will be issued denying petitioner's motions to set aside the stipulation of settlement and to sever. For petitioner, Julie M. Parker: Laurin Willard Schutter, Christopher F. Allison, Jr., Susan Land Finnell, Michael Lewis Kosloff, Steven Ray Mather, and Elliott Hugh Kajan. [1]
For respondent: Ron Rosen. SCOTT SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b)(4) of the Code [2] and Rules 180, 181, and 183. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before us on petitioner Julie M. Parker's (hereinafter referred to as petitioner) *308 motion to sever this case for purposes of conducting additional proceedings on the issue of whether she is entitled to relief from Federal income tax liability as an innocent spouse under section 6013(e). Petitioner resided in Los Angeles, California when her petition was filed. This case, originally filed in July 1985 by approximately 80 petitioners, was part of a litigation project regarding a shelter entitled Midas International or "Uranium for Tax $". The petition was filed on behalf of all of the petitioners by attorney Gregory Alohawiwoole Altman (Altman). This was just one of many cases filed by Altman on behalf of investors in Midas International. During the course of the proceedings of that litigation project, several cases involving Midas International were identified as test cases and consolidated for trial. A stipulation of settlement was signed on petitioners John C. and Julie M. Parker's behalf by Altman and filed with the Court on June 8, 1987. In the stipulation of settlement, petitioner agreed to be bound by the results of the test case. In the test case, Howard v. Commissioner, T.C. Memo. 1988-531, affd. 931 F.2d 578 (9th Cir. 1991), *309 we held that the Midas International transactions were utterly devoid of economic substance and must be ignored for Federal income tax purposes. As a result, we determined that the taxpayers therein were not entitled to deductions for mining development expenditures under the provisions of section 616 or mining exploration costs under the provisions of section 617. We also sustained respondent's determinations as to the additions to tax under section 6653(a)(1) and (2) for negligence. Finally, we held that the taxpayers therein were liable for the increased interest under section 6621(c) with regard to underpayments attributable to disallowed deductions incurred in connection with the Midas International program for 1980 and 1981. The Court of Appeals for the Ninth Circuit affirmed our decision, stating: In a case such as this where the taxpayers have been found to have entered into sham transactions without primary profit motivation, they have failed to meet their burden of showing due care. No reasonably prudent person would have acted as they did. * * * [Howard v. Commissioner, 931 F.2d at 582.]
On September 15, 1993, respondent filed *310 a motion for entry of decision in accordance with the various stipulations of settlement previously filed by petitioners. On September 24, 1993, respondent's motion for entry of decision was denied without prejudice to the right of respondent to file an appropriate motion after all the issues in a procedural posture were disposed of, inasmuch as there were several pending motions to dismiss other petitioners for lack of prosecution. On October 14, 1993, a document was received by the Court from petitioner captioned as petitioner's objection to respondent's motion for entry of decision, but was recharacterized and filed by the Court as "Julie M. Parker's Motion to Set Aside a Stipulation". [3] Generally, the allegations in petitioner's motion were that she had not retained Altman as her attorney, that she had not authorized Altman to execute the stipulation to be bound on her behalf, and, because she was not involved in the investment program herself, she should at least be excused from the additions to tax determined by respondent in the notice of deficiency. *311 By order dated February 7, 1994, the Court noted that the allegations in petitioner's motion would tend to indicate that petitioner did not timely and properly file a petition with this Court, and, therefore, it would appear that the case should be dismissed for lack of jurisdiction. We also indicated that, even if we were to permit petitioner to set aside her stipulation to be bound, she would have to show that her case was different from Howard v. Commissioner, supra, and that facts and circumstances exist that were not taken into consideration by this Court in Howard. Accordingly, we ordered petitioner to show cause why the case should not be dismissed for lack of jurisdiction and to supplement her motion listing the issues to be tried, the documents which petitioner intended to offer into evidence, the names and addresses of all witnesses which petitioner intended to call, together with a short summary of the testimony of such witnesses, and a statement of reasons why the case should not legally be controlled by Howard v. Commissioner, supra. The case was scheduled for a hearing on petitioner's motion for March 14, 1994. As a result of a conference call with counsel *312 for petitioner and respondent, the hearing was continued. Petitioner promptly filed a motion to sever her case from this docket in order to amend the petition so as to raise the innocent spouse defense (hereafter referred to as the second motion). [4] *313 Concurrent with the filing of the second motion, the parties filed a stipulation of settled issues, reflecting agreed amounts of deficiency ($ 24,211) and additions to tax for 1981 and apparently in accord with the previously filed stipulation to be bound. The stipulation of settled issues provided that such stipulations shall become effective only in the event that petitioner's claimed innocent spouse relief is ultimately disallowed "either on the merits or otherwise." [5] Respondent filed a notice of objection to petitioner's motion to sever on April 21, 1994. Petitioner's second motion was supported by an affidavit of petitioner. In part, that affidavit relates her familial and educational background leading up to her marriage to John Parker (Mr. Parker) in 1979. The affidavit states that petitioner, Mr. Parker, and her three daughters from a previous marriage lived comfortably from a financial standpoint and that petitioner was not involved in any of Mr. Parker's *314 business or financial affairs. Petitioner attests that she had "no interest, no aptitude, no ability, no education, no training and no experience in financial affairs" and "no access to any information concerning the family finances." The investment by Mr. Parker and petitioner in the Midas International program occurred in 1981, allegedly as a result of discussions between Mr. Parker and his financial advisers, in which petitioner had no involvement. Sometime in the middle of 1985, petitioner and Mr. Parker separated, and the marriage was ultimately dissolved on March 28, 1988. According to petitioner, the divorce was "extraordinarily amicable" without any adversarial proceedings. During the course of the dissolution proceedings, petitioner learned of the tax problems associated with the Midas International investment. Petitioner and her family law attorney were advised by Mr. Parker's family law attorneys that "everything was under control" in the tax case, and that the matter was being handled by a tax attorney. Petitioner's family law attorney, who allegedly was not a tax specialist, advised petitioner that the best way to protect herself was to have Mr. Parker accept full *315 responsibility for any tax liability, and, according to petitioner, the final judgment in the divorce proceeding specifically stated that she would have no liability for these taxes. However, apparently, now that this case is ready for final disposition, it appears, although it has not been alleged, that Mr. Parker is not able to, or, is unwilling to comply with his agreement in the divorce proceeding; petitioner now demands her opportunity to establish that she is not liable as an innocent spouse. Respondent, of course, objects to petitioner's second motion. Respondent contends that the piggyback agreement signed by counsel for petitioner and Mr. Parker (at a time, we note, when they were separated, but not yet divorced) was binding and effectively waived any innocent spouse claim by petitioner. Additionally, respondent contends that petitioner has not shown that her claim for innocent spouse relief has substantial merit. Moreover, respondent also contends petitioner's claim is untimely, inasmuch as petitioner's claim has not been raised until nearly 7 years after the stipulation of settlement was entered into and 6 years after her divorce from Mr. Parker. Petitioner relies *316 heavily on Devore v. Commissioner, 963 F.2d 280 (9th Cir. 1992), revg. and remanding per curiam T.C. Memo. 1989-623. In Devore, the taxpayer was married to Maria Cole in 1969, separated in 1976, and divorced in 1978. The trial in this Court concerning their joint and several tax liability occurred in 1989, long after their divorce. However, despite their divorce, joint counsel continued to represent Cole and Devore throughout the tax proceedings. The Court of Appeals for the Ninth Circuit remanded the case for an evidentiary hearing to determine if Devore was prejudiced by his former counsel's conflict of interest and to establish the reasonableness of his failure to retain independent counsel. If Devore satisfied those burdens, the Court of Appeals for the Ninth Circuit instructed that he should be granted a new trial in which to assert the innocent spouse and agency defenses. The Court of Appeals for the Ninth Circuit in reaching its decision in Devore, relied on Wilson v. Commissioner, 500 F.2d 645 (2d Cir. 1974), revg. T.C. Memo. 1973-92. In Wilson *317 , a husband and wife had filed joint tax returns. Throughout the tax proceedings they were represented by the same attorney, although they were also engaged in a simultaneous annulment action. In the annulment action, the husband was represented by the same attorney who represented the couple in the tax proceeding. The Court of Appeals for the Second Circuit held that there were extraordinary circumstances in that situation, entitling it to reverse a discretionary denial by this Court of post-opinion motions filed by the wife. The Court of Appeals for the Second Circuit believed that the attorney could not competently advance the interests of the wife in the tax proceeding while representing the husband in the separate annulment action. It therefore reversed our denial of the post opinion motions and remanded the case to allow Mrs. Wilson the opportunity to present evidence explaining her failure to seek the advice of independent counsel and to raise the annulment issue. We believe the instant case is substantially distinguishable from both Devore and Wilson, and that petitioner's second motion should be denied. The significant fact which distinguishes this case from *318 Devore and Wilson is that in the instant case petitioner did, in fact, have independent counsel at the time of her divorce, during which the aspects of the tax proceedings were considered. We need not explore the parameters of those considerations nor develop facts as to whether petitioner's nontax counsel was competent in tax matters or was fully aware of all of the facts and circumstances, including the stipulation to be bound, to properly advise petitioner. Suffice it to say that petitioner's attorney considered the matters and apparently negotiated a settlement with Mr. Parker's attorney in connection with the tax proceeding that was satisfactory to petitioner, namely that Mr. Parker was to be held fully liable for any taxes. (Of course, respondent is not bound by that stipulation in the divorce proceeding, and petitioner does not contend that respondent is so bound.) Moreover, subsequent to the divorce proceeding, petitioner could have explored the various aspects of this tax proceeding and her involvement or noninvolvement therein, but has done absolutely nothing until such time that she was notified of respondent's motion for entry of decision, whereupon she retained *319 tax counsel who indicated that there might be a possibility of raising the innocent spouse defense. In Russo v. Commissioner, 98 T.C. 28 (1992), we denied a motion by Mrs. Russo to amend the petition to raise the innocent spouse defense after 8 years had passed. In referring to Rule 41(a) regarding amendments to pleadings (which would be required in the instant case should we grant petitioner's motion to sever), we stated: As stated, Rule 41(a) provides that leave to amend a petition should be freely granted when justice so requires. But to now allow Mrs. Russo to amend the petition would require respondent to defend against an innocent spouse claim that would necessarily date back to the years at issue, beginning with 1973. We cannot conceive that justice would be served by placing this burden on respondent in a case that has been before the Court for more than 8 years without so much as a murmur about innocent spouse during that entire time. [Id. at 31.]
Even if we were to favorably consider petitioner's second motion, we would still require that petitioner make a showing of a factual nature which would indicate, *320 at least facially, that she was an "innocent spouse". It is true that petitioner has alleged in her affidavit that she relied solely upon Mr. Parker and his advisers for all tax and financial matters. However, not every divorced spouse without knowledge of the contents of a tax return is automatically relieved of liability for taxes. Moreover, petitioner has not alleged facts demonstrating why it would be inequitable to hold her liable herein. See sec. 6013(e)(1)(D). Accordingly, we will deny petitioner's second motion and instruct respondent to file an appropriate motion for entry of decision. To reflect the above, An appropriate order will be issued denying petitioner's motions to set aside the stipulation of settlement and to sever. Footnotes
1. The Court granted a motion to withdraw by Gregory Alohawiwoole Altman on June 19, 1990.↩
2. All section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. A separate similar procedure was also begun by petitioner John C. Parker, former husband of Julie M. Parker, but has been resolved by stipulation.↩
4. Clearly, petitioner did not want her case dismissed for lack of jurisdiction, which would deprive her of the opportunity to litigate the issues in this Court and force her to pursue the refund route. Thus, we conclude that the second motion effectively served as a recant of the allegations of the motion to set aside the stipulation, and that motion will be denied.↩
5. The stipulation of settled issues further provided, as follows: Nothing in this stipulation shall be construed to mean that respondent consents to allowing petitioner to raise a claim to innocent spouse relief or that respondent agrees that petitioner is entitled to such relief; and 6. That nothing in this stipulation shall be construed to mean that respondent agrees that Julie M. Parker should be relieved from the stipulation to be bound ("piggyback agreement"), executed April 22, 1987, for the purpose of claiming innocent spouse relief or otherwise, except to the extent set forth in paragraphs 2 and 3, above [which paragraphs modify the original piggyback agreement somewhat].↩