124 T.C. No. 3

UNITED STATES TAX COURT

DAVID D. SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 11109-04L, 11110-04L.   Filed February 8, 2005.

On Aug. 26, 2003, R issued to P separate Final
Notices of Intent to Levy and Notice of Your Right to a
Hearing with regard to his unpaid Federal income taxes
for the taxable years 1985 to 1995 and for the taxable
years 1996 to 1999.  P submitted to respondent timely
requests for a hearing under sec. 6330, I.R.C.

On Mar. 3, 2004, P filed a bankruptcy petition
under ch. 7 of the Bankruptcy Code.

On May 25, 2004, while P's bankruptcy case
remained open, R issued to P separate Notices of
Determination Concerning Collection Actions for the
taxable years 1985 to 1995 and the taxable years 1996
to 1999.  On June 28, 2004, P filed with the Court
petitions for lien or levy action challenging R's
notices.  R filed motions to dismiss for lack of
jurisdiction on the ground the petitions were filed in

violation of the automatic stay imposed under 11 U.S.C. sec. 362(a)(8) (2000). P filed objections to R's motions.

Held: The notices of determination underlying the petitions were issued to petitioner in violation of the automatic stay imposed under 11 U.S.C. sec. 362(a)(1) (2000), and, therefore, the Court lacks jurisdiction. Held, further, R's motions to dismiss for lack of jurisdiction shall be denied, and these cases shall be dismissed for lack of jurisdiction on the Court's own motions.

Robert Alan Jones, for petitioner.

Alan J. Tomsic, for respondent.

OPINION

GERBER, Chief Judge: These collection review cases are before the Court on respondent's motions to dismiss for lack of jurisdiction. Respondent contends that the Court lacks jurisdiction on the ground the petitions for lien or levy action were filed in violation of the automatic stay imposed under 11 U.S.C. section 362(a)(8) (2000) (the automatic stay).[1] As discussed in detail below, we conclude that we lack jurisdiction in these cases on the alternative ground that the notices of determination underlying the petitions were issued to petitioner

---

[1]Unless otherwise indicated, section references are to sections of the Internal Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

in violation of the automatic stay imposed under 11 U.S.C. section 362(a)(1) (2000).

## Background[2]

On August 26, 2003, respondent issued to petitioner separate Final Notices of Intent to Levy and Notice of Your Right to a Hearing with regard to his unpaid Federal income taxes for the taxable years 1985 to 1995 and for the taxable years 1996 to 1999. Petitioner submitted to respondent timely requests for a hearing under section 6330.

On March 3, 2004, petitioner filed a bankruptcy petition under chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy Court for the District of Nevada.

By letter dated April 12, 2004, Christopher Gellner (Mr. Gellner), petitioner's bankruptcy attorney, informed Appeals Officer Anthony Aguiar that petitioner had filed the above-referenced bankruptcy petition and that petitioner was not in need of, and desired to withdraw, his request for a section 6330 hearing. On April 14, 2004, Appeals Officer Aguiar sent to Mr. Gellner a Form 12256 (Withdrawal of Request for Collection Due Process Hearing).

However, by letter dated May 5, 2004, Robert Alan Jones (Mr. Jones), petitioner's tax attorney, informed Appeals Officer

---

[2]The record establishes and/or the parties do not dispute the following background facts.

Aguiar (1) That Mr. Gellner did not have the authority to represent petitioner with regard to tax matters; (2) that Mr. Jones was appointed as petitioner's attorney-in-fact for the years in issue; and (3) that, although petitioner did not want to withdraw his rights to a section 6330 hearing, the bankruptcy automatic stay barred further administrative proceedings at that time.

On May 25, 2004, respondent's Office of Appeals issued to petitioner separate Notices of Determination Concerning Collection Actions for the taxable years 1985 to 1995 and for the taxable years 1996 to 1999. The notices stated that respondent determined that it was appropriate to proceed with the proposed levies. On June 28, 2004, petitioner filed with the Court petitions for lien or levy action challenging respondent's notices.[3] At the time the petitions were filed, petitioner resided in Las Vegas, Nevada.

On August 19, 2004, respondent filed motions to dismiss for lack of jurisdiction on the ground the petitions were filed in violation of the automatic stay. On September 16, 2004, petitioner filed objections to respondent's motions. Petitioner maintains that the Court should (1) conclude that petitioner

---

[3]The petitions arrived at the Court in an envelope bearing a timely U.S. Postal Service postmark dated June 24, 2004. See sec. 7502(a).

properly invoked the Court's jurisdiction, and (2) stay any further proceedings pending the final disposition of petitioner's bankruptcy case. Petitioner did not aver that the bankruptcy court had granted relief from the automatic stay, or that the automatic stay otherwise was no longer in effect, on the date the petitions were filed.

### Discussion

It is well settled that the Court's jurisdiction in a collection review case under section 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review. See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); see also Rule 330(b).

In a recent case, Prevo v. Commissioner, 123 T.C. 326 (2004), we granted the Commissioner's motion to dismiss for lack of jurisdiction in a collection review case on the ground the petition for lien or levy action was filed with the Court in violation of the automatic stay imposed under 11 U.S.C. section 362(a)(8) (2000).[4] In Prevo v. Commissioner, supra, the sequence of relevant events unfolded as follows: (1) The Commissioner issued to the taxpayer a notice of determination concerning

---

[4] 11 U.S.C. sec. 362(a)(8) (2000) expressly bars "the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor."

collection actions; (2) the taxpayer filed a bankruptcy petition; and (3) the taxpayer filed with the Court a petition for lien or levy action. In granting the Commissioner's motion to dismiss for lack of jurisdiction, we noted that the taxpayer had fallen victim to a trap for the unwary in that the automatic stay that arose by operation of law upon the filing of her bankruptcy petition barred her from subsequently filing a petition with the Court. Moreover, in the absence of a tolling provision in the collection review provisions similar to that contained in section 6213(f),[5] the taxpayer lost the opportunity to contest the Commissioner's notice of determination in this Court.

The facts in the present cases are materially different from those in Prevo v. Commissioner, supra. As previously described, these cases developed as follows: (1) Petitioner filed a bankruptcy petition; (2) the Commissioner issued to petitioner notices of determination concerning collection actions; and (3) petitioner filed with the Court petitions for lien or levy action.

_____

[5]Although 11 U.S.C. sec. 362(a)(8) (2000) bars the commencement or continuation of a proceeding before the Tax Court, by reason of sec. 6213(f) the period for filing a petition for redetermination of a deficiency with the Tax Court under sec. 6213(a) is suspended for the period during which the taxpayer is prohibited by reason of the automatic stay from filing a petition in this Court and for 60 days thereafter. See Olson v. Commissioner, 86 T.C. 1314, 1318-1319 (1986), and cases cited therein.

Like the taxpayer in <u>Prevo v. Commissioner</u>, <u>supra</u>, petitioner filed his petitions for lien or levy action with the Court after filing his bankruptcy petition and while the automatic stay imposed under 11 U.S.C. section 362(a)(8) (2000) remained in effect. The fact that respondent issued the notices of determination in question after petitioner filed his bankruptcy petition presents a ground for dismissal that was not available in <u>Prevo v. Commissioner</u>, <u>supra</u>. Specifically, the question arises whether respondent was barred by the automatic stay from issuing the notices of determination to petitioner in the first instance. If so, it would follow that these cases should be dismissed on the ground that the notices of determination were void or invalid.

The Court can, sua sponte, question its jurisdiction at any time. <u>Raymond v. Commissioner</u>, 119 T.C. 191, 193 (2002); <u>Neely v. Commissioner</u>, 115 T.C. 287, 290 (2000); <u>Romann v. Commissioner</u>, 111 T.C. 273, 280 (1998). Where the application of the automatic stay may act as an impediment to the Court's jurisdiction in a collection review proceeding, it is incumbent on the Court to determine the proper ground for dismissal. Cf., e.g., <u>Pietanza v. Commissioner</u>, 92 T.C. 729, 735-736 (1989) (holding that, where appropriate, the Court will dismiss on the ground that the Commissioner failed to issue a valid notice of deficiency rather than for lack of a timely filed petition),

affd. without published opinion 935 F.2d 1282 (3d Cir. 1991). The Pietanza principle is particularly compelling in the present cases inasmuch as the Court is confronted with two alternative grounds for dismissal, one of which will have the effect of denying petitioner the opportunity to obtain judicial review of respondent's notices of determination in this Court. See Prevo v. Commissioner, supra.

Before proceeding with our analysis, we first review the pertinent portions of the automatic stay provisions set forth in 11 U.S.C. section 362 (2000) and the collection review procedures established under sections 6320 and 6330.

The Automatic Stay

Title 11 of the United States Code provides uniform procedures designed to promote the effective rehabilitation of the bankrupt debtor and, when necessary, the equitable distribution of his or her assets. See H. Rept. 95-595, at 340 (1977). One key to achieving these aims is the automatic stay, which generally operates to temporarily bar actions against or concerning the debtor or property of the debtor or the bankruptcy estate. See Allison v. Commissioner, 97 T.C. 544, 545 (1991); Halpern v. Commissioner, 96 T.C. 895, 897-898 (1991).

The automatic stay provisions are set forth in 11 U.S.C. section 362(a) (2000), which provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or

303 of this title, * * * operates as a stay, applicable to all entities, of--

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

>    *    *    *    *    *    *    *

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

> (4) any act to create, perfect, or enforce any lien against property of the estate;

> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; * * *

Title 11 U.S.C. section 362(b) (2000), which establishes exceptions to the automatic stay described above, provides in pertinent part:

> (b) The filing of a petition under section 301, 302, or 303 of this title, * * * does not operate as a stay--

>    *    *    *    *    *    *    *

(9) under subsection (a), of--

(A) an audit by a governmental unit to
determine tax liability;
(B) the issuance to the debtor by a
governmental unit of a notice of tax
deficiency;
(C) a demand for tax returns; or
(D) the making of an assessment for any tax
and issuance of a notice and demand for
payment of such an assessment * * *.

The bankruptcy court may issue an order granting relief from
the automatic stay. 11 U.S.C. sec. 362(d) (2000). Absent such
an order, the automatic stay generally remains in effect until
the earliest of the closing of the case, dismissal of the case,
or the grant or denial of a discharge. 11 U.S.C. sec. 362(c)(2)
(2000); see Allison v. Commissioner, supra at 545; Smith v.
Commissioner, 96 T.C. 10, 14 (1991); Neilson v. Commissioner, 94
T.C. 1, 8 (1990).

Collection Review Procedures

Section 6331(a) provides that if any person liable to pay
any tax neglects or refuses to pay such tax within 10 days after
notice and demand for payment, then the Secretary is authorized
to collect such tax by levy upon the person's property. Section
6331(d) provides that, at least 30 days prior to enforcing
collection by way of a levy on the person's property, the
Secretary shall provide the person with a final notice of intent
to levy, including notice of the administrative appeals available
to the person.

Section 6330(a) provides in pertinent part that the Secretary shall notify a person in writing of his or her right to an Appeals Office hearing regarding a final notice of intent to levy by mailing such notice by certified or registered mail to such person at his or her last known address. Section 6330(a)(2) provides that the prescribed notice shall be provided not less than 30 days before the day of the first levy with respect to the amount of the unpaid tax for the taxable period. Further, section 6330(a)(3)(B) provides that the prescribed notice shall explain that the person has the right to request an Appeals Office hearing during that 30-day period.

Where the taxpayer has timely requested an Appeals Office hearing and the Appeals Office has issued a notice of determination to the taxpayer regarding a proposed levy action, section 6330(d)(1) provides that the taxpayer will have 30 days following the issuance of such notice to file a petition for review with the Tax Court or Federal District Court, as may be appropriate. See Offiler v. Commissioner, 114 T.C. 492, 498 (2000). Notably, there is no provision analogous to section 6213(f) in section 6330 that tolls the statutory period for filing a timely petition for lien or levy action for the period

during which the person is prohibited by reason of the automatic stay from filing a petition.[6]

Analysis

The automatic stay under 11 U.S.C. section 362(a)(1) (2000) bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title". In addition, 11 U.S.C. section 362(a)(6) bars any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the bankruptcy case.

We evaluate the applicability of the automatic stay provisions against the parties' specific actions in these cases. Although the record does not include transcripts of petitioner's account for the years in question, we assume that respondent entered assessments against petitioner and issued to petitioner notices and demand for payment of such assessments. When no payments were forthcoming, respondent issued to petitioner Notices of Intent to Levy and Notice of Your Right to a Hearing under section 6330. Such notices prompted petitioner to submit to respondent requests for a section 6330 hearing. Several

---

[6]Sec. 6330 is effective with respect to collection actions initiated more than 180 days after July 22, 1998 (Jan. 19, 1999). See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401(d), 112 Stat. 750.

months later, petitioner filed his bankruptcy petition.
Thereafter, respondent issued to petitioner the notices of
determination that led petitioner to attempt to invoke the
Court's jurisdiction.

Against this backdrop, we are satisfied that the issuance of
the final notices of intent to levy to petitioner constituted
administrative collection actions taken <u>against</u> petitioner
(before the commencement of the bankruptcy case) within the
meaning of 11 U.S.C. section 362(a)(1) (2000). Consistent with
the foregoing, it follows that the issuance to petitioner of the
notices of determination constituted the continuation of
administrative collection actions <u>against</u> petitioner (after the
commencement of the bankruptcy case) within the meaning of 11
U.S.C. section 362(a)(1) (2000). Our conclusion that the levy
notices and notices of determination constituted actions against
petitioner (as opposed to an action initiated by petitioner) is
bolstered by the nature and purpose of such notices. We observe
that if petitioner had failed to request an administrative
hearing within 30 days of the issuance of the final notices of
intent to levy, he would have waived his right to administrative
and judicial review of the proposed collection actions under
section 6330, and respondent normally would have been free to
proceed with the proposed levies. See <u>Kennedy v. Commissioner</u>,
116 T.C. 255, 262 (2001). Giving due regard to the public
policies underlying the automatic stay provisions, we conclude

that the issuance of the notices of determination to petitioner violated the automatic stay.[7]

Our holding on this point is consistent with both bankruptcy caselaw and respondent's administrative guidance.  See In re Parker, 279 Bankr. 596, 602-603 (Bankr. S.D. Ala. 2002) (The IRS conceded, and the bankruptcy court held, that the issuance of a final notice of intent to levy under section 6330 violated the automatic stay); In re Covington, 256 Bankr. 463, 465-466 (Bankr. D.S.C. 2000) (The bankruptcy court held that the issuance of a final notice of intent to levy under section 6330 violated the automatic stay); see also Chief Counsel Advisory 2000-18-005 (May 5, 2000) (A Final Notice of Intent to Levy issued to a debtor who had filed a bankruptcy petition violated the automatic stay and was void).

Collection activity undertaken in violation of the automatic stay generally is considered void and without effect.  See 9B Am. Jur. 2d, Bankruptcy, sec. 1756, at 387 (1999).  Accordingly, we conclude that the notices of determination issued to petitioner

---

[7]Despite the express exception permitting the Commissioner to issue to a taxpayer a notice of deficiency under 11 U.S.C. sec. 362(b)(9)(B) (2000), there is no exception in 11 U.S.C. sec. 362(b) (2000) for the issuance of a notice of determination under sec. 6330.  In addition, a notice of determination issued pursuant to sec. 6330 does not qualify as an audit, a request for a tax return, or an assessment or notice and demand for payment within the meaning of the applicable subparagraphs of 11 U.S.C. sec. 362(b)(9) (2000).  See In re Covington, 256 Bankr. 463, 465-466 (Bankr. D.S.C. 2000).

are void and of no effect.  Our ruling in <u>Lundsford v.</u>

<u>Commissioner</u>, 117 T.C. 159, 165 (2001) (notice of determination

issued without proper hearing held to be valid for purposes of

Tax Court jurisdiction) does not preclude that result, as it is

bankruptcy law, which is extrinsic to the procedures specified in

section 6330, that leads to our conclusion.  Given the invalidity

of the notices of determination, we shall dismiss these cases for

lack of jurisdiction on the Court's own motion.

     To reflect the foregoing,

<u>Orders of dismissal shall be</u>

<u>entered denying respondent's</u>

<u>motions to dismiss for lack of</u>

<u>jurisdiction, and these cases shall</u>

<u>be dismissed for lack of</u>

<u>jurisdiction on the Court's own</u>

<u>motion</u>.