T.C. Memo. 2005-41


UNITED STATES TAX COURT



CATHERINE BEVERLY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 10774-03L.          Filed March 7, 2005.


     P filed a bankruptcy petition.  R subsequently
issued to P a Final Notice of Intent to Levy and Notice
of Your Right to Hearing (final notice of intent to
levy) under sec. 6330, I.R.C.  After P's bankruptcy
case was closed, R issued to P a Notice of
Determination Concerning Collection Action(s).  P filed
with the Court a Petition for Lien or Levy Action.  R
filed a Motion for Summary Judgment, and a supplement
thereto.

     <u>Held</u>:  The final notice of intent to levy was
issued to P in violation of the automatic stay imposed
under 11 U.S.C. sec. 362(a) (2000) and was invalid and
of no effect.  <u>Held</u>, <u>further</u>,  R's Motion for Summary
Judgment, as supplemented, is denied, and a decision
will be entered that respondent may not proceed with
the proposed collection action.

Catherine Beverly, pro se.

Karen Baker and Michael W. Bitner, for respondent.


MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge: This collection review case is before the Court on respondent's Motion for Summary Judgment, as supplemented, filed pursuant to Rule 121.[1] Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988); Naftel v. Commissioner, 85 T.C. 527 (1985). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v.

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue Code, as amended. Rule references are to the Tax Court Rules of Practice and Procedure.

Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Based upon our review of the record, we are satisfied that there is no genuine issue as to any material fact and that judgment may be rendered as a matter of law. However, as discussed in detail below, we conclude that the law does not support respondent's position. We hold that the final notice of intent to levy was issued to petitioner in violation of the automatic stay arising from her case in bankruptcy and therefore is invalid. Accordingly, we shall deny respondent's Motion for Summary Judgment, as supplemented, and we shall enter a decision that respondent may not proceed with the proposed collection action.

## Background[2]

On November 2, 2001, petitioner filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Southern District of Illinois. On November 26, 2001, respondent issued to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing Under Section 6330 (final notice of intent to levy) with regard to her unpaid Federal income taxes for 1985 to 1988 and 1994 and 1995. On November 27, 2001, the bankruptcy court issued an order

---

[2] The record establishes and/or the parties do not dispute the following.

dismissing petitioner's bankruptcy case due to her failure to file required schedules. On December 6, 2001, the bankruptcy court entered an order closing petitioner's case.

In the meantime, on December 5, 2001, petitioner filed a second bankruptcy petition.

On December 19, 2001, petitioner filed with respondent a Form 12153, Request for a Collection Due Process Hearing, challenging the proposed levy.

On May 17, 2002, the bankruptcy court dismissed petitioner's second bankruptcy case.

On June 5, 2003, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) which stated that respondent intended to proceed with the proposed levy. On July 7, 2003, petitioner filed with the Court a Petition for Lien or Levy Action challenging respondent's notice of determination.[3] At the time the petition was filed, petitioner resided in Collinsville, Illinois.

As indicated, respondent filed a Motion for Summary Judgment. Respondent contends that the Court should sustain the notice of determination on the ground that the Appeals officer did not abuse her discretion in rejecting petitioner's offer in

---

[3] The petition arrived at the Court in an envelope bearing a timely U.S. Postal Service postmark dated July 1, 2003. See sec. 7502(a).

compromise--the sole issue that petitioner purportedly raised during the administrative proceedings--because petitioner was not current in filing her tax returns at that time.

Respondent's motion was called for hearing at the Court's motions session held in Washington, D.C. During the hearing, counsel for respondent informed the Court that respondent had recently discovered that the final notice of intent to levy was issued to petitioner while petitioner's first bankruptcy case remained open. The Court subsequently directed respondent to file a supplement to his motion addressing the question whether the final notice of intent to levy was issued to petitioner in violation of the automatic stay imposed under 11 U.S.C. section 362(a)(2000). Respondent filed a supplement, as directed, and the matter was called for further hearing at the Court's motions session. Respondent maintains that while the issuance of the final notice of intent to levy may have violated the automatic stay, petitioner should nevertheless be estopped from arguing that the final notice of intent to levy was issued in violation of the automatic stay because she failed to inform respondent during the administrative proceedings that she had filed a bankruptcy petition.[4]

---

[4] Upon questioning by the Court, respondent was hesitant to acknowledge that the final notice of intent to levy violated the automatic stay. In a footnote to his supplement to the motion for summary judgment, respondent states that "it is not clear
(continued...)

## Discussion

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the person. Section 6331(d) provides that the Secretary is obliged to provide the person with notice, including notice of the administrative appeals available to the person, before proceeding with collection by levy on the person's property.

Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a person's property until the person has been given notice of, and the opportunity for, an administrative review of the matter (in the form of an Appeals Office hearing), and if dissatisfied, with judicial review of the administrative determination.

Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate. To obtain judicial review, the person must file a petition with the appropriate

---

[4](...continued)
whether the providing of a notice of right to a hearing under section 6330 is an 'act to collect' in violation of the automatic stay". Respondent further states that the final notice of intent to levy required under sec. 6331(a) is in the same document as the notice of a right to hearing. Respondent concludes in the footnote that "Arguably, in contrast to the notice of intent to levy and the notice of levy, the mere notice of a right to a pre-levy hearing does not violate the stay."

court within 30 days of the mailing of the notice of determination.  Sec. 6330(d)(1).[5]

There is no dispute in this case that respondent issued to petitioner a final notice of intent to levy after petitioner filed her bankruptcy petition and while the automatic stay remained in effect.  Under the circumstances, we must evaluate respondent's position in light of the provisions governing the automatic stay.

Title 11 of the United States Code provides uniform procedures designed to promote the effective rehabilitation of the bankrupt debtor and, when necessary, the equitable distribution of his or her assets.  See H. Rept. 95-595, at 340 (1977).  One key to achieving these aims is the automatic stay which generally operates to temporarily bar actions against or concerning the debtor or property of the debtor or the bankruptcy estate.  See Allison v. Commissioner, 97 T.C. 544, 545 (1991); Halpern v. Commissioner, 96 T.C. 895, 897-898 (1991).

The automatic stay provisions are set forth in 11 U.S.C. section 362(a) (2000), which provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, * * * operates as a stay, applicable to all entities, of --

---

[5]  Sec. 6330 is effective with respect to collection actions initiated more than 180 days after July 22, 1998 (Jan. 19, 1999). See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401(d), 112 Stat. 750.

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

\* \* \* \* \* \* \*

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

\* \* \* \* \* \* \*

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; \* \* \*

Unless relief from the automatic stay is granted by order of the bankruptcy court, see 11 U.S.C. sec. 362(d) (2000), the automatic stay generally remains in effect until the earliest of the closing of the case, dismissal of the case, or the grant or denial of a discharge, 11 U.S.C. sec. 362(c)(2); see Allison v. Commissioner, supra at 545; Smith v. Commissioner, 96 T.C. 10, 14 (1991); Neilson v. Commissioner, 94 T.C. 1, 8 (1990).

Analysis

As previously discussed, the automatic stay under 11 U.S.C. section 362(a)(1) bars "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title".  Based upon the plain language of 11

U.S.C. section 362(a)(1), we conclude that respondent violated the automatic stay when he issued to petitioner the final notice of intent to levy dated November 26, 2001. In particular, there is no dispute in this case that respondent could have issued a final notice of intent to levy to petitioner regarding her unpaid income taxes for 1985 to 1988, and 1994 and 1995 before petitioner filed her bankruptcy petition. Moreover, we are satisfied that the issuance of the final notice of intent to levy constituted the commencement of an administrative proceeding against petitioner within the meaning of 11 U.S.C. section 362(a)(1). See, e.g., Smith v. Commissioner, 124 T.C. __ (2005) (holding that a notice of determination issued under section 6330 to a taxpayer/debtor in bankruptcy constituted the continuation of an administrative collection action against the debtor within the meaning of 11 U.S.C. section 362(a)(1)). In particular, when the Commissioner issues to a person a final notice of intent to levy, that person is entitled to invoke the administrative and judicial procedures prescribed under section 6330. Id. at __. Indeed, should such person fail to timely request an administrative hearing, the Commissioner generally is free to proceed with the proposed levy. Consistent with the foregoing, we conclude that 11 U.S.C. section 362(a)(1)

barred respondent from issuing to petitioner the final notice of intent to levy dated November 26, 2001.[6]

Our holding that the issuance to petitioner of the final notice of intent to levy violated the automatic stay is consistent with both bankruptcy case law and respondent's administrative guidance.  See In re Parker, 279 Bankr. 596, 602-603 (Bankr. S.D. Ala. 2002) (The Commissioner conceded, and the bankruptcy court held, that the issuance of a final notice of intent to levy under section 6330 violated the automatic stay.); In re Covington, 256 Bankr. 463, 465-466 (Bankr. D.S.C. 2000) (The bankruptcy court held that a final notice of intent to levy did not constitute a notice and demand for payment within the meaning of 11 U.S.C. section 362(b)(9)(D)) and that such notice was issued to the debtor in violation of the stay); see also Chief Counsel Adv. 00-18-005 (May 5, 2000) (A Final Notice of Intent to Levy issued to a person who had filed a bankruptcy petition violated the automatic stay and was void).

At this point, a brief comment regarding the Court's jurisdiction is warranted.  We recently held in Smith v. Commissioner, 124 T.C. __, that a notice of determination under section 6330 issued to a taxpayer/debtor while the automatic stay was in effect was invalid, and we dismissed the case for lack of

------

[6]  Respondent does not contend that the final notice of intent to levy qualified under any of the exceptions to the automatic stay prescribed in 11 U.S.C. sec. 362(b)(2000).

jurisdiction on that ground. The facts in the present case are distinguishable from those in Smith v. Commissioner, 124 T.C. __. Specifically, the notice of determination upon which this case is based was issued to petitioner well after the automatic stay was terminated. Because the petition was timely filed in response to a notice of determination that is valid on its face, we conclude that petitioner properly invoked our jurisdiction under section 6330. See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000); see also Rule 330(b).

Respondent maintains that petitioner should be estopped from asserting that the final notice of intent to levy violated the automatic stay because she failed to inform respondent during the administrative proceedings that she had filed a bankruptcy petition. Respondent cites Matthews v. Rosene, 739 F.2d 249 (7th Cir. 1984), for the proposition that a debtor may be barred by the equitable doctrine of laches from challenging an action that arguably violated the automatic stay.

We are not persuaded by respondent's argument. The record suggests that petitioner was acting pro se throughout the administrative proceedings. Without more, we presume that petitioner acted in good faith and that she was unaware that respondent's issuance of the final notice of intent to levy violated the automatic stay. Respondent, on the other hand, had

previously issued administrative guidance in the form of a Chief Counsel Advisory (cited above) concluding that the issuance of a final notice of intent to levy to a person with an open bankruptcy case would violate the automatic stay. Considering respondent's administrative guidance on this specific point, we disagree with respondent that petitioner should be estopped. Considering all the circumstances, we decline to apply an equitable principle to bar consideration of the validity of the final notice of intent to levy.

We recently noted that collection activity undertaken in violation of the automatic stay generally is considered void or invalid. See Smith v. Commissioner, 124 T.C. __ (2005) (citing 9B Am. Jur. 2d, Bankruptcy, sec. 1756 (1999)). The U.S. Court of Appeals for the Seventh Circuit, the court to which an appeal in this case would lie, adheres to this view. See Middle Tenn. News Co. v. Charnel of Cincinnati, Inc., 250 F.3d 1077, 1082 (7th Cir. 2001).

In sum, we conclude that the final notice of intent to levy was issued to petitioner in violation of the automatic stay, and therefore, it was invalid. It follows that respondent abused his

discretion by concluding in the notice of determination that the proposed levy should proceed.

To reflect the foregoing,

An Order denying respondent's Motion for Summary Judgment, as supplemented, and a decision will be entered for petitioner.