# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2771

_____

| | | |
|---|---|---|
| Theresa E. Bartman, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States Tax |
| v. | * | Court. |
| | * | |
| Commissioner of Internal Revenue, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: January 9, 2006
Filed: May 2, 2006

_____

Before MELLOY, COLLOTON and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Theresa E. Bartman ("Bartman") appeals an order from the United States Tax Court finding that it was without jurisdiction to review the denial by the Internal Revenue Service ("IRS") of Bartman's refund request for tax year 1997 and holding that Bartman is time-barred from receiving a refund for tax year 1995. For the reasons discussed below, we affirm in part and reverse in part.

## I.    BACKGROUND

Bartman and her now-former spouse timely filed a joint income tax return for tax year 1995 reporting a $12,377 underpayment, but they did not include payment with the return.  Bartman separated from her husband in 1997 and filed a separate federal income tax return for tax year 1997 on which she indicated that she overpaid her tax liability by $1,922.  Pursuant to Internal Revenue Code ("IRC"), 26 U.S.C. § 6402(a),[1] the IRS then credited the tax year 1997 overpayment to the tax year 1995 underpayment, for which Bartman was then still jointly liable.

In February 2001, Bartman filed an IRS Form 8857, requesting tax liability relief pursuant to § 6015, the so-called "innocent spouse" provision, for tax years 1994, 1995 and 1996.  The following month, she filed an IRS Form 1040X, amending her return for tax year 1997 and requesting a refund of the $1,922 overpayment that had been applied to the tax year 1995 underpayment.  She made this refund request even though there was no longer a tax year 1997 overpayment due to the IRS's earlier application of the $1,922 to the outstanding underpayment in tax year 1995.

In January 2002, the IRS issued a Final Notice of Determination ("FND") denying Bartman's request for relief under § 6015. Bartman appealed the FND by filing a petition for review with the tax court.  While the petition for review was pending, the IRS Appeals Office ("IAO") reversed the FND and granted Bartman innocent spouse relief pursuant to § 6015(b) for tax year 1994 and equitable relief pursuant to § 6015(f) for tax years 1995 and 1996.  However, the IAO denied Bartman's request for a refund for tax year 1997 on the ground that the refund request was time-barred under § 6511, which requires that a refund claim be filed by the later of three years from the time the return was filed or two years from the time the tax was paid.  § 6511(a).  Accordingly, the parties agreed that the issue on appeal to the tax

---

[1]"Section" or "§" refers to the indicated section of the IRC, 26 U.S.C. § 1 et seq.

court was whether the statute of limitations on refunds set forth in § 6511(a) applied to Bartman's tax year 1997 refund request. The tax court found that it lacked jurisdiction to review the issue of whether Bartman was entitled to receive a refund for tax year 1997 and held, sua sponte, that Bartman was time-barred from receiving a refund for tax year 1995. Bartman now appeals to this Court pursuant to § 7482(a)(1).

## II.    DISCUSSION

We review de novo a tax court's conclusion of law, including a determination regarding its jurisdiction. *Condor Int'l, Inc. v. Comm'r*, 78 F.3d 1355, 1358 (9th Cir. 1996); *see also Arkansas Oil & Gas, Inc. v. Comm'r*, 114 F.3d 795, 798 (8th Cir. 1997).

Congress created the United States Tax Court "to provide taxpayers with a means of challenging assessments made by the Commissioner without first having to pay the alleged deficiency. Without such a forum, taxpayers would have to pay the asserted deficiency and then initiate a suit in federal district court for a refund." *Samuels, Kramer & Co. v. Comm'r*, 930 F.2d 975, 979 (2d Cir. 1991). As an Article I court, the tax court is a court of "strictly limited jurisdiction." *Kelley v. Comm'r*, 45 F.3d 348, 351 (9th Cir. 1995). A notice of deficiency issued by the IRS pursuant to § 6212 is the taxpayer's jurisdictional "ticket to the Tax Court." *Bokum v. Comm'r*, 992 F.2d 1136, 1139 (11th Cir. 1993) (quoting *Stoecklin v. Comm'r*, 865 F.2d 1221, 1224 (11th Cir. 1989)); *Spector v. Comm'r*, 790 F.2d 51, 52 (8th Cir. 1986) (per curiam) (citing *Laing v. United States*, 423 U.S. 161, 165 n.4 (1976), and holding that "the determination of a deficiency and the issue of a notice of deficiency is an absolute precondition to tax court jurisdiction"). Accordingly, the IRC provides that the tax court has jurisdiction over petitions for review from determinations regarding the availability of § 6015 relief only where a deficiency has been asserted against the taxpayer. § 6015(e)(1).

The IRS did not determine a deficiency against Bartman for tax year 1997. Bartman cites *Ewing v. Comm'r*, 118 T.C. 494 (2002), where the tax court found that it had jurisdiction to review a petition from a denial of a request for § 6015 relief, despite the fact that no notice of deficiency had been issued. Since briefing and oral argument in this case, however, the Ninth Circuit reversed the tax court and held that the tax court has no jurisdiction under § 6015(e) to consider a petition for review where no deficiency was determined by the IRS. *Comm'r v. Ewing*, 439 F.3d 1009, 1012-14 (9th Cir. 2006). We agree with the Ninth Circuit that the tax court lacks jurisdiction under § 6015(e) unless a deficiency was asserted against the individual petitioning for review. The language of § 6015(e)(1) is clear and unambiguous: an individual may petition the tax court for review "[i]n the case of an individual *against whom a deficiency has been asserted* and who elects to have subsection (b) and (c) apply– . . . ." 26 U.S.C. § 6015(e)(1) (emphasis added).[2] As such, we end our inquiry into the meaning of the statute and apply its plain language. *Citicasters v. McCaskill*, 89 F.3d 1350, 1354-55 (8th Cir. 1996); *Arkansas AFL-CIO v. FCC*, 11 F.3d 1430, 1440 (8th Cir. 1993) (en banc). Applying the statute's plain language, we hold that the tax court had no jurisdiction to review Bartman's petition for review of the IRS's denial of her tax year 1997 refund request because no deficiency had been assessed against Bartman for tax year 1997.

After correctly determining that it had no jurisdiction over tax year 1997, the tax court went on to consider tax year 1995. The tax court characterized Bartman's

---

[2]The parties also addressed in their briefs the issue of whether § 6015(e) excludes tax court jurisdiction over petitions for review involving only § 6015(f) relief determinations, given that the plain language of § 6015(e) appears to provide for tax court jurisdiction over petitions for review involving relief under § 6015(b) or § 6015(c), but not relief under § 6015(f). We, like the Ninth Circuit in *Ewing*, need not reach this issue as jurisdiction fails on the independent ground that the IRS did not assert a deficiency against the taxpayer.

IRS Form 8857seeking § 6015 relief filed in February 2001 as her earliest request for a refund for tax year 1995. The tax court then held that Bartman was time-barred under § 6511 from receiving a refund for tax year 1995. However, as with tax year 1997, the IRS had not assessed a deficiency against Bartman for tax year 1995. Therefore, the tax court likewise was without jurisdiction over the tax year 1995 refund issue under § 6015(e).

## III.   CONCLUSION

For the reasons discussed, we affirm the tax court's finding that it did not have jurisdiction over Bartman's petition for review regarding tax year 1997 and vacate the tax court's finding that Bartman is time-barred from receiving a refund for tax year 1995 for lack of jurisdiction over the issue.

_____