T.C. Memo. 2006-210

UNITED STATES TAX COURT

KATHLYN S. STARBUCK, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24116-04.                    Filed September 27, 2006.

<u>Robert J. Gumser</u>, for petitioner.

<u>Erin K. Huss</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  Respondent determined that petitioner is not
entitled to relief from joint and several liability under section
6015[1] with respect to unpaid taxes reported on joint returns
petitioner and her former spouse filed for 1998 and 1999 (the
years at issue).  We have concluded that we lack jurisdiction to
review the Commissioner's denial of relief under section 6015(f)

---

[1]All section references are to the Internal Revenue Code in
effect for the years at issue, unless otherwise indicated.

where no deficiency has been asserted, and we shall therefore dismiss this case for lack of jurisdiction on our own motion.

## Background

Some of the facts have been stipulated. The stipulation of facts and the accompanying exhibits are incorporated by this reference. Petitioner resided in San Diego County, California, at the time she filed the petition.

Petitioner and her former spouse married in February 1988, separated in January 2000, and divorced in April 2002. Respondent did not determine a deficiency in this case. The taxes at issue are the taxes for 1998 and 1999 that petitioner and her former spouse reported were due on their joint returns but did not pay.

Petitioner filed a request for relief from her tax liabilities for the years at issue on Form 8857, Request for Innocent Spouse Relief, with respondent in July 2003. Respondent determined that petitioner was not entitled to relief for the years at issue. Petitioner timely filed a petition with this Court.

## Discussion

After the trial, the U.S. Court of Appeals for the Ninth Circuit, the court to which this case is appealable, held that we do not have jurisdiction to consider the Commissioner's denials of requests for relief under section 6015(f) where no deficiency has been asserted. Commissioner v. Ewing, 439 F.3d 1009 (9th Cir. 2006), revg. 118 T.C. 494 (2002), vacating 122 T.C. 32 (2004). We have since come to the same conclusion. Billings v.

Commissioner, 127 T.C. ____ (2006).  After our Opinion was filed in Billings, we issued an order directing the parties to show cause why this case should not be dismissed for lack of jurisdiction.  Respondent filed a response to the Court's order agreeing that we lack jurisdiction.  Petitioner filed a response to the Court's order objecting to the dismissal of this case.

The Tax Court is a court of limited jurisdiction, and we may exercise that jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  Whether this Court has jurisdiction is fundamental, and we may question our jurisdiction at any time.  Smith v. Commissioner, 124 T.C. 36, 40 (2005) (citing Raymond v. Commissioner, 119 T.C. 191, 193 (2002), Neely v. Commissioner, 115 T.C. 287, 290 (2000), and Romann v. Commissioner, 111 T.C. 273, 280 (1998)); Naftel v. Commissioner, supra at 530.  As we have concluded that we do not have jurisdiction to review the Commissioner's denials of requests for relief under section 6015(f) where no deficiency has been asserted, we shall dismiss this case for lack of jurisdiction.

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.