T.C. Memo. 2006-228

UNITED STATES TAX COURT

DEBRA ANNE BANDERAS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7733-05.                    Filed October 24, 2006.


        <u>Held</u>:  Petition for determination of relief from
    joint and several liability under sec. 6015(f), I.R.C.,
    dismissed for lack of jurisdiction.  <u>Billings v.
    Commissioner</u>, 127 T.C. 7 (2006), followed.


<u>James R. Monroe</u>, for petitioner.

<u>Miriam C. Dillard</u>, for respondent.


MEMORANDUM OPINION

    WHERRY, <u>Judge</u>:  This case arises from a petition for

judicial review filed in response to a determination concerning

relief from joint and several liability under section 6015.[1]  The Court has sua sponte raised the question of whether the case should be dismissed for lack of jurisdiction.

## Background

Some of the facts have been stipulated and are so found. The stipulations of the parties, with accompanying exhibits, are incorporated herein by this reference.  At the time the petition in this case was filed, petitioner resided in Cape Coral, Florida.

Prior to his death on November 16, 1999, petitioner was married to Julio C. Banderas (Dr. Banderas).  Petitioner and Dr. Banderas filed a joint Form 1040, U.S. Individual Income Tax Return, for 1997.  Petitioner also filed a joint Form 1040 for 1999 as a surviving spouse.  Both returns reflected a balance due and were not accompanied by full payment.

In June of 2003, petitioner submitted to the Internal Revenue Service (IRS) a Form 8857, Request for Innocent Spouse Relief.  Petitioner sought relief for underpayments of tax for 1997 and 1999 under section 6015(f).  On March 3, 2005, the IRS issued to petitioner a notice of determination denying her request for section 6015(f) relief.  Petitioner filed a timely

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended.

petition with this Court contesting the adverse determination, and a trial was held in November of 2005.

After posttrial briefs were filed, two Courts of Appeals, those for the Eighth and Ninth Circuits, ruled that the Tax Court lacked jurisdiction to consider denials of relief under section 6015(f) in proceedings where no deficiency had been asserted. See Bartman v. Commissioner, 446 F.3d 785 (8th Cir. 2006), affg. in part and vacating in part T.C. Memo. 2004-93; Commissioner v. Ewing, 439 F.3d 1009 (9th Cir. 2006), revg. 118 T.C. 494 (2002), vacating 122 T.C. 32 (2004). This Court subsequently reached the same conclusion in Billings v. Commissioner, 127 T.C. 7 (2006).

Given these developments, the Court on August 30, 2006, issued an order directing the parties to show cause why this case should not be dismissed for lack of jurisdiction. Both parties responded. Respondent, noting specifically that no deficiency had been asserted against petitioner for the years in issue, agreed that the Court lacked jurisdiction here. Petitioner objected to dismissal, broadly referencing concerns of equity, due process, and equal protection.

<u>Discussion</u>

The Tax Court is a court of limited jurisdiction and may exercise only the power conferred by statute. E.g., Raymond v. Commissioner, 119 T.C. 191, 193 (2002); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also sec. 7442. It likewise is well

recognized, as a corollary to the foregoing principle, that the Court lacks equitable powers to expand its statutorily prescribed jurisdiction.  E.g., <u>Commissioner v. McCoy</u>, 484 U.S. 3, 7 (1987); <u>Bokum v. Commissioner</u>, 992 F.2d 1136, 1140 (11th Cir. 1993), affg. T.C. Memo. 1990-21; <u>Woods v. Commissioner</u>, 92 T.C. 776, 785 (1989).  Moreover, the existence of jurisdiction in a particular case is fundamental and may be raised at any point in the proceeding, either by a party or by the Court sua sponte.  E.g., <u>Smith v. Commissioner</u>, 124 T.C. 36, 40 (2005); <u>Raymond v. Commissioner</u>, <u>supra</u> at 193; <u>Naftel v. Commissioner</u>, <u>supra</u> at 530.

For the reasons set forth in <u>Billings v. Commissioner</u>, <u>supra</u>, the Court has concluded that our jurisdiction under the laws governing joint and several liability does not extend to review of the Commissioner's denials of requests for relief pursuant to section 6015(f) where no deficiency has been asserted.  Nor can equitable or policy concerns expand this jurisdiction in disregard of the express provisions of the statute enacted by Congress.  Accordingly, we are constrained to dismiss this case for lack of jurisdiction.

To reflect the foregoing,

<u>An order of dismissal for</u>

<u>lack of jurisdiction will be</u>

<u>entered</u>.