T.C. Memo. 2006-227


UNITED STATES TAX COURT


CAROL J. HUNTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20474-05.            Filed October 24, 2006.


        <u>Held</u>:  Petition for determination of relief from
joint and several liability under sec. 6015(f), I.R.C.,
dismissed for lack of jurisdiction.  <u>Billings v.
Commissioner</u>, 127 T.C. 7 (2006), followed.


Carol J. Hunter, pro se.

<u>Charles J. Graves</u>, for respondent.


MEMORANDUM OPINION


        WHERRY, <u>Judge</u>:  This case is before the Court on

respondent's motion to dismiss for lack of jurisdiction.  The

instant proceeding arises from a petition for judicial review

filed in response to a determination concerning relief from joint and several liability under section 6015.[1]  The issue for decision is whether the Tax Court has jurisdiction under section 6015(e) to review the Commissioner's determination that petitioner is not entitled to relief.

## Background

Petitioner was formerly married to William B. Hunter III (Mr. Hunter).  Petitioner and Mr. Hunter filed joint Forms 1040, U.S. Individual Income Tax Return, for 1996, 1997, and 1998. Each of these returns reflected a balance due and was not accompanied by full payment.

In July of 2003, the Internal Revenue Service (IRS) received from petitioner a Form 8857, Request for Innocent Spouse Relief. Petitioner sought relief for underpayments of tax for, inter alia, 1996 through 1998 under section 6015(f).  On July 28, 2005, the IRS issued to petitioner a notice of determination denying her request for section 6015 relief.  Petitioner filed a petition, and subsequent amended petition, with this Court contesting the adverse determination.  At the time these documents were filed, petitioner resided in New Mexico.  The case is presently calendared for trial at the session of the Court commencing on November 27, 2006, in Albuquerque, New Mexico.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended.

After the pleadings were closed, two Courts of Appeals, those for the Eighth and Ninth Circuits, ruled that the Tax Court lacked jurisdiction to consider denials of relief under section 6015(f) in proceedings where no deficiency had been asserted. See Bartman v. Commissioner, 446 F.3d 785 (8th Cir. 2006), affg. in part and vacating in part T.C. Memo. 2004-93; Commissioner v. Ewing, 439 F.3d 1009 (9th Cir. 2006), revg. 118 T.C. 494 (2002), vacating 122 T.C. 32 (2004). This Court subsequently reached the same conclusion in Billings v. Commissioner, 127 T.C. 7 (2006).

Given these developments, respondent on September 14, 2006, filed the above-referenced motion to dismiss for lack of jurisdiction. Respondent noted specifically that no deficiencies have been asserted against petitioner or Mr. Hunter. The Court issued an order directing petitioner to file any response to respondent's motion, and petitioner so responded on October 10, 2006. Petitioner briefly recited the substance of her position as follows: "Although I am objecting because I think my case should be heard, in principle I agree with the ruling. A tax court determining equitable spousal relief appears to be a conflict of interest. It would be more equitable to have an independent, objective party make this determination."

## Discussion

The Tax Court is a court of limited jurisdiction and may exercise only the power conferred by statute. E.g., Raymond v.

Commissioner, 119 T.C. 191, 193 (2002); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also sec. 7442.  It likewise is well recognized, as a corollary to the foregoing principle, that the Court lacks equitable powers to expand its statutorily prescribed jurisdiction.  E.g., Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Bokum v. Commissioner, 992 F.2d 1136, 1140 (11th Cir. 1993), affg. T.C. Memo. 1990-21; Woods v. Commissioner, 92 T.C. 776, 785 (1989).  Moreover, the existence of jurisdiction in a particular case is fundamental and may be raised at any point in the proceeding, either by a party or by the Court sua sponte.  E.g., Smith v. Commissioner, 124 T.C. 36, 40 (2005); Raymond v. Commissioner, supra at 193; Naftel v. Commissioner, supra at 530.

For the reasons set forth in Billings v. Commissioner, supra, the Court has concluded that our jurisdiction under the laws governing joint and several liability does not extend to review of the Commissioner's denials of requests for relief pursuant to section 6015(f) where no deficiency has been asserted.  Nor can equitable or policy concerns expand this jurisdiction in disregard of the express provisions of the statute enacted by Congress.  Accordingly, we are constrained to grant respondent's motion and to dismiss this case for lack of jurisdiction.

To reflect the foregoing,

An order of dismissal for lack of jurisdiction will be entered.
