T.C. Memo. 2006-244

UNITED STATES TAX COURT

KAYE C. SCHLACHTER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 245-05.                    Filed November 9, 2006.

    <u>Held</u>:  Petition for determination of relief from
joint and several liability under sec. 6015(f), I.R.C.,
dismissed for lack of jurisdiction.  <u>Billings v.
Commissioner</u>, 127 T.C. 7 (2006), followed.

Kaye C. Schlachter, pro se.

<u>Charles J. Graves</u>, for respondent.

MEMORANDUM OPINION

    WHERRY, <u>Judge</u>:  This case is before the Court on

respondent's motion to dismiss for lack of jurisdiction.  The

instant proceeding arises from a petition for judicial review

filed in response to a determination concerning relief from joint and several liability under section 6015.[1]  The issue for decision is whether the Tax Court has jurisdiction under section 6015(e) to review the Commissioner's determination that petitioner is not entitled to relief.

## Background

Petitioner was formerly married to Michael J. Schlachter (Mr. Schlachter).  Petitioner and Mr. Schlachter filed a joint Form 1040, U.S. Individual Income Tax Return, for 1997.  A joint Form 1040 was also filed for petitioner and Mr. Schlachter for 1998, although petitioner has at various junctures alleged that she did not have knowledge of or sign the 1998 return.  Each of these returns reflected a balance due and was not accompanied by full payment.

In October of 2002, the Internal Revenue Service (IRS) received from petitioner a Form 8857, Request for Innocent Spouse Relief.  Petitioner sought relief for underpayments of tax for, inter alia, 1997 and 1998 under section 6015(f).  On October 7, 2004, the IRS issued to petitioner a notice of determination denying her request for section 6015 relief.  Petitioner filed a petition with this Court contesting the adverse determination. At the time these documents were filed, petitioner resided in

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended.

Indiana. The case is presently calendared for trial at the session of the Court commencing on November 27, 2006, in Albuquerque, New Mexico.

After the pleadings were submitted, two Courts of Appeals, those for the Eighth and Ninth Circuits, ruled that the Tax Court lacked jurisdiction to consider denials of relief under section 6015(f) in proceedings where no deficiency had been asserted. See Bartman v. Commissioner, 446 F.3d 785 (8th Cir. 2006), affg. in part and vacating in part T.C. Memo. 2004-93; Commissioner v. Ewing, 439 F.3d 1009 (9th Cir. 2006), revg. 118 T.C. 494 (2002), vacating 122 T.C. 32 (2004). This Court subsequently reached the same conclusion in Billings v. Commissioner, 127 T.C. 7 (2006).

Given these developments, respondent on September 21, 2006, filed the above-referenced motion to dismiss for lack of jurisdiction. Respondent noted specifically that no deficiencies have been asserted against petitioner or Mr. Schlachter. The Court issued an order directing petitioner to file any response to respondent's motion, and petitioner so responded on October 25, 2006. Petitioner opens her response with the statement: "Petitioner moves that this case be dismissed for lack of jurisdiction upon the ground that the Tax Court lacks jurisdiction under I.R.C. 6015(e) and that the petitioner was not entitled to relief under section 6015(f)." However, after a brief recitation of facts, petitioner also states: "Petitioner

is asking this court to please, with due respect, to give her some equitable relief."

## Discussion

The Tax Court is a court of limited jurisdiction and may exercise only the power conferred by statute. E.g., Raymond v. Commissioner, 119 T.C. 191, 193 (2002); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also sec. 7442. It likewise is well recognized, as a corollary to the foregoing principle, that the Court generally lacks equitable powers to expand its statutorily prescribed jurisdiction. E.g., Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Bokum v. Commissioner, 992 F.2d 1136, 1140 (11th Cir. 1993), affg. T.C. Memo. 1990-21; Woods v. Commissioner, 92 T.C. 776, 784-785 (1989). Moreover, the existence of jurisdiction in a particular case is fundamental and may be raised at any point in the proceeding, either by a party or by the Court sua sponte. E.g., Smith v. Commissioner, 124 T.C. 36, 40 (2005); Raymond v. Commissioner, supra at 193; Naftel v. Commissioner, supra at 530.

For the reasons set forth in Billings v. Commissioner, supra, the Court has concluded that our jurisdiction under the laws governing joint and several liability does not extend to review of the Commissioner's denials of requests for relief pursuant to section 6015(f) where no deficiency has been asserted. Nor can equitable or policy concerns expand this

jurisdiction in disregard of the express provisions of the statute enacted by Congress.  Accordingly, we are constrained to grant respondent's motion and to dismiss this case for lack of jurisdiction.

To reflect the foregoing,

<u>An order of dismissal for lack of jurisdiction will be entered</u>.