T.C. Memo. 2006-246


UNITED STATES TAX COURT



DEANN MARIE MCCAUSLAND, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 2486-05.                    Filed November 13, 2006.


     <u>Held</u>:  Petition for determination of relief from
joint and several liability under sec. 6015(f), I.R.C.,
dismissed for lack of jurisdiction.  <u>Billings v.
Commissioner</u>, 127 T.C. 7 (2006), followed.


DeAnn Marie McCausland, pro se.

<u>James E. Cannon</u>, for respondent.



MEMORANDUM OPINION


     WHERRY, <u>Judge</u>:  This case is before the Court on

respondent's motion to dismiss for lack of jurisdiction.  The

instant proceeding arises from a petition for judicial review

filed in response to a determination concerning relief from joint and several liability under section 6015.[1] The issue for decision is whether the Tax Court has jurisdiction under section 6015(e) to review the Commissioner's determination that petitioner is not entitled to relief.

## Background

Petitioner was formerly married to Matthew A. McCausland (Mr. McCausland). Petitioner and Mr. McCausland filed a joint Federal income tax return for 2002. The return reflected a balance due and was not accompanied by full payment.

In July of 2004, the Internal Revenue Service (IRS) received from petitioner a Form 8857, Request for Innocent Spouse Relief. Petitioner sought relief for an underpayment of tax for 2002 under section 6015(f). On January 13, 2005, the IRS issued to petitioner a notice of determination denying her request for section 6015 relief. Petitioner filed a petition with this Court contesting the adverse determination. At the time the petition was filed, petitioner provided an address in New Mexico. The case is presently calendared for trial at the session of the Court commencing on November 27, 2006, in Albuquerque, New Mexico.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended.

After the just-described petition was filed, two Courts of Appeals, those for the Eighth and Ninth Circuits, ruled that the Tax Court lacked jurisdiction to consider denials of relief under section 6015(f) in proceedings where no deficiency had been asserted. See Bartman v. Commissioner, 446 F.3d 785 (8th Cir. 2006), affg. in part and vacating in part T.C. Memo. 2004-93; Commissioner v. Ewing, 439 F.3d 1009 (9th Cir. 2006), revg. 118 T.C. 494 (2002), vacating 122 T.C. 32 (2004). This Court subsequently reached the same conclusion in Billings v. Commissioner, 127 T.C. 7 (2006).

Given these developments, respondent on September 12, 2006, filed the above-referenced motion to dismiss for lack of jurisdiction. Respondent noted specifically that no deficiency for 2002 had been asserted against petitioner or Mr. McCausland. The Court issued an order directing petitioner to file any response to respondent's motion on or before October 11, 2006. To date, no such response has been received from petitioner.

## Discussion

The Tax Court is a court of limited jurisdiction and may exercise only the power conferred by statute. E.g., Raymond v. Commissioner, 119 T.C. 191, 193 (2002); Naftel v. Commissioner, 85 T.C. 527, 529 (1985); see also sec. 7442. It likewise is well recognized, as a corollary to the foregoing principle, that the Court generally lacks equitable powers to expand its statutorily

prescribed jurisdiction.  E.g., <u>Commissioner v. McCoy</u>, 484 U.S. 3, 7 (1987); <u>Bokum v. Commissioner</u>, 992 F.2d 1136, 1140 (11th Cir. 1993), affg. T.C. Memo. 1990-21; <u>Woods v. Commissioner</u>, 92 T.C. 776, 784-785 (1989).  Moreover, the existence of jurisdiction in a particular case is fundamental and may be raised at any point in the proceeding, either by a party or by the Court sua sponte.  E.g., <u>Smith v. Commissioner</u>, 124 T.C. 36, 40 (2005); <u>Raymond v. Commissioner</u>, <u>supra</u> at 193; <u>Naftel v. Commissioner</u>, <u>supra</u> at 530.

For the reasons set forth in <u>Billings v. Commissioner</u>, <u>supra</u>, the Court has concluded that our jurisdiction under the laws governing joint and several liability does not extend to review of the Commissioner's denials of requests for relief pursuant to section 6015(f) where no deficiency has been asserted.  Nor can equitable or policy concerns expand this jurisdiction in disregard of the express provisions of the statute enacted by Congress.  Accordingly, we are constrained to grant respondent's motion and to dismiss this case for lack of jurisdiction.

To reflect the foregoing,

<u>An order of dismissal for lack of jurisdiction will be entered</u>.