T.C. Summary Opinion 2010-147


UNITED STATES TAX COURT


CYNTHIA WARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7076-10S.                    Filed September 30, 2010.


Cynthia Ward, pro se.

<u>Frank W. Louis</u>, for respondent.


RUWE, <u>Judge</u>:  The petition in this case was filed pursuant to the provisions of section 7463[1] of the Internal Revenue Code. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case is before the Court on respondent's motion to dismiss for lack of jurisdiction as to 2005 and motion to dismiss on ground of mootness as to 2006.

## Background

Petitioner resided in New York at the time she filed the petition.

On March 23, 2010, petitioner filed an imperfect petition with this Court. On May 3, 2010, petitioner filed an amended petition that appears to contest her tax liabilities for taxable years 2005 and 2006. Attached to her amended petition were copies of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for 2006, dated March 9, 2010, and copies of notices of deficiency for 2005 and 2006, dated September 8, 2008.

In respondent's motion pertaining to 2005, respondent requests that this case be dismissed on the ground that no notice of determination, as authorized and required by section 6330(d), to form the basis for a petition to this Court, has been sent to petitioner for 2005, nor has respondent made any other determination with respect to petitioner's taxable year 2005 that would confer jurisdiction on this Court. In respondent's motion pertaining to 2006, respondent requests that this case be dismissed as moot insofar as it pertains to review of a collection action for 2006 because, after the filing of the

petition, the tax liability for taxable year 2006 was paid in full and the proposed levy is no longer necessary.

On September 13, 2010, petitioner filed separate objections to respondent's motions. Both of petitioner's objections dispute the deficiencies and/or underlying tax liabilities for taxable years 2005 and 2006.

## Discussion

### Jurisdiction

In a case seeking the redetermination of a deficiency pursuant to section 6213, the jurisdiction of the Court depends on the taxpayer's timely filing a petition. Rule 13(c); Brown v. Commissioner, 78 T.C. 215, 220 (1982). Section 6213(a) provides that the petition must be filed with the Court within 90 days after the notice of deficiency is mailed.

The Court's jurisdiction to review certain collection activity by the Internal Revenue Service under sections 6320 and 6330 depends on the issuance of a valid notice of determination and the filing of a timely petition for review. Smith v. Commissioner, 124 T.C. 36, 38-39 (2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).

### Notices of Deficiency

The amended petition included attached copies of notices of deficiency for 2005 and 2006 each dated September 8, 2008. The

last date to petition the Court with respect to either notice of deficiency would have been December 8, 2008.

The petition was filed more than 18 months after the issuance of the notices of deficiency. Accordingly, the Court lacks jurisdiction in this case as to petitioner's taxable years 2005 and 2006 insofar as the petition relates to the notices of deficiency issued on September 8, 2008.

Notice of Determination

The record establishes that no notice of determination as authorized by section 6320(c) and/or 6330(d) has been issued to petitioner with respect to the taxable year 2005. Accordingly, this Court lacks jurisdiction to review any collection activity for that year.

Respondent's Appeals Office issued to petitioner a notice of determination, dated March 9, 2010, for petitioner's unpaid tax liability for taxable year 2006. A copy of that notice of determination was attached to the amended petition. Although the petition is timely with regard to the notice of determination for taxable year 2006, overpayment credits were subsequently applied to petitioner's 2006 account eliminating any balance due for 2006. As stated in respondent's motion pertaining to 2006 and as demonstrated by the attached Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, provided as

an exhibit, the tax liability for the taxable year 2006 has been fully paid.

When there is no unpaid liability for a year upon which a collection action could be based, a proceeding filed in this Court pursuant to section 6330 is moot.  Greene-Thapedi v. Commissioner, 126 T.C. 1, 7 (2006).  Accordingly, the petition in this case, insofar as it relates to the review of a collection action for taxable year 2006, is moot.

To reflect the foregoing,

An appropriate order and order of dismissal will be entered.